THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PENN CENTRAL COMPANY, Appellant.

Third Department, June 2, 1970.

*Jerome H. Shapiro, Thomas J. Smith* and *James L. More* for appellant.

*John C. Crary* and *Kent H. Brown* for respondent.

GREENBLOTT, J. This is an appeal (1) from an order of the Supreme Court at Special Term, entered October 17, 1969 in Albany County, which granted a motion by plaintiff for summary judgment, and (2) from the judgment entered thereon.

The facts are as follows: A series of hearings were held before the Public Service Commission (hereinafter referred to as PSC) to air complaints against the appellant, a railroad commuter carrier subject to the continuing jurisdiction of the PSC (see Public Service Law, § 5, subd. 1). The PSC, in an order dated June 5, 1969, incorporated its findings that service was seriously deficient and needed improvement. At the end of the order, the PSC directed: " That Penn Central Company shall within ten days of the date of service of this order notify the Commission in writing whether this order, all of its terms and conditions and the revised standards of service are accepted and will be obeyed." (Clause 12.)

The order was properly served by mail pursuant to subdivision 1 of section 23 of the Public Service Law on six individuals associated with the appellant, including two general managers and its vice-president. By letter dated June 6, 1969, T. J. Smith, counsel for the appellant and one of those served, wrote to the PSC, stating that since form number 44-B " exceeds the authority of the Commission, I have advised the appropriate officers of my client not to accept service on this basis ". By letter to Smith dated June 10, 1969, the PSC Secretary acknowledged appellant's response and called his attention to section 23 of the Public Service Law. The relevant portion of section 23 reads as follows: " Within a time specified in the order of the commission every person and corporation upon whom it is served must if so required in the order notify the commission in writing, whether the terms of the order are accepted and will be obeyed and in the case of a corporation such notification shall be signed and acknowledged by a person or officer duly authorized by the corporation to execute such acceptance and agreement."

On June 12, 1969, Smith replied that form 44-B, while " allegedly an admission of service  *  *  * requires the receiving official upon whom it is served to agree to obey all the terms and conditions of the Order. My advice to my client still stands ".

Finally, on June 24, 1969, the Secretary of the PSC wrote Smith, reminding him that:

" Order clause 12 of the order promulgated by this Commission on June 5, 1969 directed Penn Central Company to notify this Commission in writing within ten days of the date of service whether the order, all of its terms and conditions and the

revised standards of service, were accepted and would be obeyed.

" The order was served on the date of its promulgation, June 5. We have had no response to the directive contained in order clause 12.

" I have been directed by the Commission to bring this omission to your attention and to solicit your response within three days."

When no reply was forthcoming on July 2, 1969, the PSC initiated an action pursuant to section 56 of the Public Service Law to recover a penalty for noncompliance with so much of its June 5 order as demanded a response. Appellant answered the complaint asserting defenses involving the unconstitutionality of the order and the law prescribing method of service of the order, faulty service and substantial compliance resulting in no prejudice to the PSC. The PSC's motion for summary judgment was granted by Special Term and judgment entered thereon based on a penalty of $250 per day for the 18 days of noncompliance from June 16 to July 3 with costs, the judgment entered amounting to $4,528.60.

The appeal is limited to the question of whether the penalty was properly imposed rather than the merits of the order, the noncompliance with which led to the imposition of the penalty. Appellant contends: (1) that since the provision applies a penalty, its construction must be strict and all doubts resolved in appellant's behalf; (2) that because appellant had reasonable doubts regarding the propriety of service and the powers of the PSC to interfere with Department of Transportation plans by directing the railroad to make long-range improvements, its recalcitrance was justified, especially in light of the magnitude of expenditures thought necessary to effectuate the order; and (3) that in light of the above, the response by its counsel was sufficient compliance to defeat an action for penalty.

Section 56 of the Public Service Law provides that: " Every * * * railroad corporation * * * and all officers, and agents of any common carrier, railroad corporation * * * shall obey, observe and comply with every order made by the commission so long as the same shall be and remain in force. Any * * * railroad corporation * * * which fails, omits or neglects to obey, observe or comply with any order or any direction or requirement of the commission, shall forfeit to the people of the state of New York not to exceed the sum of five thousand dollars for each and every offense * * * and, in case of a continuing violation, every day's continuance thereof shall be and be deemed to be a separate and distinct offense."

Notwithstanding the firm language of this section, appellant asserts that only those orders of the PSC which are within the competence of the commission and properly served are entitled to complete compliance and further contends that where a failure of compliance is a result of a reasonable doubt in the mind of the utility's counsel as to the legality of the order or the service obviating the necessity of compliance, then no penalty may follow.

In our view, it was improper for appellant to fail to comply with the statute in view of the choice given it to reject the order and refuse obedience so long as done in writing in the prescribed time. The requirement that appellant respond to the order within 10 days was not unreasonable and did not deprive it of its right to petition for rehearing. The provisions of subdivision 1 of section 23 of the Public Service Law do not allow the PSC to require a utility to answer affirmatively. Instead, it permits the PSC to determine whether a utility is satisfied with a directive issued to it. Appellant's contention that 10 days is insufficient time within which to determine whether or not it will agree to undertake the expenditure of vast sums of money, is lacking in merit. Since the appellant was present at all of the hearings at which the evidence was taken, and was also exposed to the various suggested solutions which were evolved to improve its service, it certainly must have had some firm ideas as to what it thought appropriate.

It is also our view that section 23 seeks an affirmative or negative reply but does not rule out an intermediate response. However, it demands a response and particularizes the manner in which this response is to be made, to wit: '' in the case of a corporation such notification shall be signed and acknowledged by a person or officer duly authorized by the corporation to execute such acceptance and agreement.'' (Public Service Law, § 23, subd. 1.)

The letters from appellant's general attorney to the Secretary of the PSC were clearly insufficient to satisfy the requirements of order clause 12, since they merely set forth counsel's legal advice to appellant rather than the ultimate decision of appellant to obey or disregard the order.

It should be noted also that considerable forbearance was displayed by the PSC. Appellant's time to comply with order clause 12 expired on June 15, 1969. PSC's letter of June 24, 1969 granting appellant an additional period of time in which to answer, was a last effort to gain compliance with its directive. When no reply was forthcoming, this action was initiated.

In our view the record is clear that appellant refused to comply with a valid and effective order of the PSC and consequently was in violation of section 56 of the Public Service Law, rendering itself liable to forfeiture as therein provided.

The judgment and order should be affirmed, with costs.

REYNOLDS, J. P., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Judgment and order affirmed, with costs.