■ In the Matter of DAVID A. RUSTINE, Petitioner, v BASIL A. PATTERSON, as Secretary of State of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Secretary of State which suspended petitioner's real estate broker's license. In July, 1979, petitioner, a real estate broker, arranged for the sale of real property by Wayne R. Hardy, as executor of the estate of Marjorie E. Hardy, to Donald and Sandra Theodore. A contract, prepared by petitioner and signed by the buyers on July 12, 1979, provided a purchase price of $39,000, with a 6% brokerage commission to be paid by seller. The seller agreed to the price but objected to the 6% commission, whereupon the commission rate was reduced to 4%. Parenthetically, the multiple listing agreement signed July 9, 1979 provided that the commission would be 4% if the property was sold within 30 days, which was the situation here. Thereafter, petitioner, dissatisfied with only a 4% commission, presented the parties with an amended contract in which the price was reduced to $38,600, with the commission at 4%. Concomitantly, petitioner elicited an agreement from the purchasers to pay $400 to him to make up his loss. The rationale was predicated upon the fact that the purchasers would not exceed the original sum of $39,000 they had available to spend. At that time, the seller was agreeable. On July 23, 1979, petitioner modified his agreement with the purchasers to eliminate the payment of $400 by them, whereupon the seller's attorney wrote petitioner demanding the original price of $39,000 be paid and threatened to report petitioner to the Secretary of State. The closing was held with the seller receiving the $38,600 and paying 4% commission to petitioner. The purchasers also paid petitioner $75. The seller, thereafter, filed a complaint with the Department of State, Division of Licensing Services. Following a hearing, the Administrative Law Judge, by decision dated July 17, 1980, determined that petitioner had demonstrated incompetence and untrustworthiness in failing to obtain the best available sale price for his principal. Pursuant to section 441-c of the Real Property Law, petitioner's license was suspended for 30 days, effective August 1, 1980, or in lieu thereof a $250 fine was imposed. Petitioner's license was also indefinitely suspended until such time as petitioner paid the seller $400 restitution. The scope of our view is limited to ascertaining whether the record contains substantial credible evidence upon which respondent could reasonably conclude that petitioner demonstrated incompetence and untrustworthiness in contravention of the duty of good faith and trust owed to his principal under section 441-c of the Real Property Law *(Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Grant Realty v Cuomo,* 58 AD2d 251). The record contains evidence substantiating respondent's determination that the purchasers were willing and able to pay $39,000 and that the sales price was $400 less in a scheme to enable petitioner to obtain the $400 for himself, instead of for the seller. It is not the province of this court to substitute its judgment for that of the administrative agency *(Kostika v Cuomo, supra;*

*Matter of Pell v Board of Educ.,* 34 NY2d 222). The Legislature has given respondent wide discretion in determining what conduct can constitute "untrustworthiness" *(Matter of Stowell v Cuomo,* 52 NY2d 208, 212; *Matter of Frank v Department of State of State of N.Y.,* 14 AD2d 139). The factual presentation adequately supports respondent's determination *(Matter of Gold v Lomenzo,* 29 NY2d 468) and being supported by substantial evidence, should not be disturbed *(Matter of Hannon v Cuomo,* 52 NY2d 775; *Matter of Purdy v Kreisberg,* 47 NY2d 354; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Petitioner also argues noncompliance with the notice requirements of section 441-e of the Real Property Law. Pursuant to that section "The department of state *shall* * * * at least ten days prior to the date set for the hearing" give written notice to the licensee of the charges against him to afford him an opportunity to be heard, which notice "may be served * * * personally * * * or by mailing same by registered mail" (emphasis added). Here, the notice of hearing scheduled for May 13 was postmarked May 1, sent by certified mail, and received by petitioner on May 6, 1980. At issue is whether petitioner was timely and properly notified of the hearing. He argues that service effected by mail adds three days to the 10-day requirement (CPLR 2103, subd [b], par 2). While only 12-days notice, by certified as opposed to registered mail, was allotted herein, due process mandates only "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314; see *Silverstein v Minkin,* 49 NY2d 260). The one-day difference is a mere procedural irregularity and petitioner, having fully participated at the hearing, has not shown that he has been prejudiced (see *Coonradt v Walco,* 55 Misc 2d 557; Siegel, New York Practice, § 247, p 305; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2214.02). We conclude that the notice given in this case satisfies the necessary due process standard. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.