■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HURLEY WATER COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Weiss, J.), entered September 19, 1980 in Albany County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action. Defendant Hurley Water Company is a water-works corporation which provides water service to the Town of Kingston in Ulster County, and the instant controversy arose out of a billing dispute between defendant and one of its residential customers, Mrs. Terry Thomas. The central question presented for our determination relates to an oral directive given to defendant by a senior engineer of the Public Service Commission (hereinafter PSC) whereby defendant was informed that, pursuant to current PSC regulations it was prohibited from either disconnecting or threatening to disconnect a customer's water service during the pendency of a billing dispute. Disregarding this directive,

defendant subsequently informed Mrs. Thomas that her water service would be disconnected if her bill remained unpaid, and, consequently, Mrs. Thomas paid the bill. Thereafter, on April 25, 1980, the PSC denied defendant a formal hearing on this matter and affirmed its staff's prior decision in favor of Mrs. Thomas. As a result, on May 2, 1980, defendant refunded to Mrs. Thomas her overpayment on her bill. There ensued the present action wherein the PSC seeks a monetary fine of $1,000 from defendant, pursuant to section 89-k of the Public Service Law (repealed by L 1980, ch 665, § 1, eff June 30, 1980), for its alleged violation of a PSC order not to threaten to or actually disconnect its customer's water service, and a permanent injunction, pursuant to section 89-m of the Public Service Law (repealed by L 1980, ch 665, § 1, eff June 30, 1980), to prevent defendant in the future from threatening to or disconnecting water service while a billing dispute is pending. In response, defendant moved for a judgment dismissing the complaint, pursuant to CPLR 3211, on the ground that it failed to state a cause of action. This motion was denied by Special Term and defendant now appeals. We hold that the motion to dismiss should have been granted and that Special Term erred in concluding that the oral communication from the PSC's senior engineer was sufficient to constitute a formal order within the meaning of section 89-k of the Public Service Law. Pursuant to subdivision 1 of section 23 of the Public Service Law, every order of the PSC without exception must be written and served upon the person or corporation to be affected thereby, and we have strictly construed this statute to ensure explicit compliance with its various directives (see, e.g., *Matter of Chrysler Corp. v Syracuse Suburban Gas. Co.*, 74 AD2d 473, mot for lv to app den 51 NY2d 702; *People v Penn Cent. Co.*, 34 AD2d 278). Moreover, even the PSC's own rules and regulations provide for all its orders to be written (16 NYCRR 1.2), and, particularly in this instance where section 89-k is penal in nature in that it provides for the imposition of a fine for the violation of a PSC order, the related section 23 should be strictly construed and not extended to cover cases not clearly within its terms (3 Sutherland, Statutory Construction [4th ed], pp 6-7, 44 NY Jur, Penalties and Forfeitures, § 8, p 179). Clearly, retroactive judicial expansion of the narrow and precise statutory language at issue should be avoided under these circumstances *(State of New York v Mobil Oil Corp.*, 38 NY2d 460), and, therefore, neither the oral directive of the PSC employee nor the published rule of the PSC providing that a formal order is not always necessary in a billing dispute (16 NYCRR 11.2 [d]) is sufficient to constitute an order of the PSC the violation of which would subject defendant to a fine under section 89-k. Such being the case, the first cause of action seeking the imposition of a fine should be dismissed. The second cause of action for a permanent injunction likewise must fail. Plaintiff has presented neither facts establishing defendant's violation of any law or PSC order nor facts suggesting that defendant is about to violate any law or PSC order, and, accordingly, there is nothing in the record which would justify granting the requested injunctive relief. In sum, while we are not unsympathetic to the plight of Mrs. Thomas and other customers of defendant who are similarly situated, no violation of a PSC order has been demonstrated to provide a valid basis for a fine or an injunction. It would seem that the situation could be easily rectified, however, by the adoption by the PSC of a simple written order embodying the substance of 16 NYCRR 11.2 (d), which order could then be served upon water-works corporations. Order reversed, on the law, and complaint dismissed, without costs. Sweeney, J.P., Kane, Main, Casey and Herlihy, JJ., concur.