■ STATE OF NEW YORK, Respondent, v SHELL OIL COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered March 9, 1981 in Albany County, which denied defendant's motion to dismiss the complaint. On May 5, 1978, defendant's gasoline tank truck was involved in a collision with an automobile in Suffolk County, as a result of which several thousand gallons of gasoline were discharged onto the highway and adjoining shoulder, and, via catch basins and drainage pipes, into a nearby recharge basin. Defendant, denying liability, asserts that the spillage occurred when a local fire department employee opened the dome covers on the tanker. Defendant was contacted by the State Department of Transportation (DOT) the following day, and a contractor engaged by defendant to clean up the spill commenced work on May 7. After partial cleanup, the contractor refused to complete the work without further approval from defendant. By letter to DOT dated May 12, 1978, defendant denied responsibility and predicated completion of the cleanup upon full reimbursement of all costs incurred from the New York Environmental Protection and Spill Compensation Fund (Spill Compensation Fund) and its full release from any and all liability for civil damages to third parties except for acts or omissions constituting gross negligence or willful misconduct. DOT, by letter dated May 18, 1978, rejected defendant's terms, referring to telephone conferences with three of defendant's officials, and called upon defendant to complete the cleanup, advising defendant that DOT would secure the completion of the work upon such failure and would seek recovery of all costs from defendant. On June 6, 1978, defendant responded by letter denying liability and disclaiming responsibility for payment of costs. DOT secured completion of the work, payment being made by the Spill Compensation Fund which, by letter dated April 18, 1979, demanded payment of $15,596.24 for itemized costs. On January 2, 1980, the State Attorney-General's office wrote to defendant demanding payment, and on February 1,

1980, defendant responded requesting arbitration pursuant to section 185 of the Navigation Law, which request was denied by the Attorney-General. This action was then commenced and, after answering, defendant moved to dismiss the complaint on the ground that it fails to state a cause of action, and on the further ground of improper party plaintiff. Special Term denied the motion and this appeal ensued. Defendant's principal argument is that it was not given the notice prescribed by the Navigation Law and the applicable regulations (2 NYCRR 402.5, 403.1), and that the claims made were paid by the Spill Compensation Fund before defendant was notified of such claims and given the opportunity to timely demand arbitration pursuant to section 185 of the Navigation Law. These arguments are without merit. Section 182 of the Navigation Law states "[u]pon receipt of any claim, the administrator shall as soon as practicable inform all affected parties of the claim". The regulations appplicable where a discharger is known (2 NYCRR 402.5 [a]) state that upon receipt of a claim for damages, the administrator of the Spill Compensation Fund shall notify the person *alleged by the claimant* to have caused the damage, by mailing a copy of the notice of claim to such discharger together with any supporting documents, notice to be in such form as the administrator may prescribe, informing the discharger that he may file an answer within 15 days after receipt of the notification, controverting liability and/or the amount of damages. In 2 NYCRR 403.1, provision is made to permit a person to challenge claims for cleanup and removal costs presented to the Spill Compensation Fund, by filing written notice particularizing the items and basis for his challenge with the administrator within seven days of receipt of the claim. Defendant's contentions are misplaced, in that the only notice to which it was entitled was that provided in section 182 of the Navigation Law, i.e., that all affected parties shall as soon as practicable be informed of the claim. The notice provisions of 2 NYCRR 402.5, which defendant erroneously seeks to apply here, are explicitly applicable only to *damage* claims, not cleanup and removal claims. Conceding that specific notice of the receipt of claims for reimbursement from the Spill Compensation Fund made by the Eastport Fire District on July 26, 1978 and the County of Suffolk on June 29, 1978 was not given to defendant (as an affected party) by the administrator as soon as practicable pursuant to section 182 of the Navigation Law, the record reflects that defendant had actual notice of the incident and of the cleanup. Initially, defendant itself procured a contractor to complete part of the cleanup. After unsuccessfully attempting to exculpate itself, defendant abandoned the cleanup knowing that DOT was continuing, the work. As early as May 16, 1978, defendant received a claim for payment from the Eastport Fire District, which it rejected on June 19, 1978, long before the same claim was filed with the administrator. In a letter dated June 6, 1978, defendant refused to comply with DOT's May 18 written demand to complete the cleanup of the saturated soil, which work was then performed by Suffolk County. Essentially, defendant was kept abreast of cleanup developments on a current basis by letters and telephone conferences with DOT officials. This court has held that even assuming a defect in notice, the receipt of materials and information will remove any prejudice (*Matter of 1133 Ave. of Amers. Corp. v Public Serv. Comm. of State of N. Y.,* 62 AD2d 787). Participation in the cleanup negotiations to provide completion efforts to avoid liability, and rejection of a demand for payment for certain work performed, all evidence defendant's full knowledge of every material fact, and detract from its arguments to the effect that it was prejudiced (see *People v Penn Cent. Co.,* 34 AD2d 278). Participation in proceedings despite procedural irregularities will overcome prejudice from lack of specified notice (*Matter of Rustine v Patterson,* 82 AD2d 969). Taken as a whole, we cannot say that defendant was not adequately apprised of develop-

ments in order to protect itself (*Matter of Eden Park Health Servs. v Whalen,* 73 AD2d 993). In fact, even after receipt of an itemized bill and demand for payment on April 18, 1979, defendant failed to respond until February 1, 1980 when it demanded arbitration on the issue of liability only, not on the claim for cleanup costs or damages. Special Term correctly held that defendant was not entitled to arbitration to establish that it was not the discharger. Section 185 of the Navigation Law, stated by defendant to be the basis for such arbitration, is applicable only to claims for damages, cleanup and removal costs, not to questions of liability. Finally, this action was commenced pursuant to section 188 of the Navigation Law which provides that suit be brought in the Supreme Court where issues of liability, recovery of costs and/or other damages may be determined in a plenary trial. Order affirmed, with costs. Casey, Yesawich, Jr., and Weiss, JJ., concur.

Sweeney, J. P., and Kane, J., dissent and vote to reverse in the following memorandum by Sweeney, J. P. Sweeney, J. P. (dissenting). We disagree with the majority's conclusion that Special Term properly denied defendant's motion to dismiss the complaint and, therefore, dissent. Section 182 of the Navigation Law requires that the administrator, upon receipt of any claim, shall "as soon as practicable inform all affected parties of the claim". This notice requirement applies whether the claim is for damages or for cleanup and removal costs. In order for a person challenging a claim for cleanup and removal costs to commence an arbitration proceeding, it is necessary that he file a written notice with the administrator "no later than seven calendar days after such claim for payment is received by the administrator" (2 NYCRR 403.1). Consequently, a person would have to be notified within seven days after the claim is received by the administrator so that he could file his challenge in compliance with 2 NYCRR 403.1. If not so notified, the person could be precluded from challenging the claim through arbitration simply by the administrator's failure to issue notification of the claim until eight days after receiving the claim. The Legislature could not have intended such a result. Statutes are to be construed so as to avoid incongruous, unreasonable or unjust results (*Matter of Pell v Coveney,* 37 NY2d 494, 496; *Matter of Murphy v Acito,* 65 AD2d 661, 662, mot for lv to app den 45 NY2d 897). Accordingly, when a claim is filed for cleanup and removal costs, the administrator must notify the person allegedly responsible within seven days of receipt of the claim by the administrator in order for such notice to be given "as soon as practicable" within the meaning of section 182 of the Navigation Law. Through arbitration, a person may "contest the validity or amount of damage claims or cleanup and removal costs" (Navigation Law, § 185, subd 1). In the present case, defendant was effectively precluded from so challenging the cleanup and removal costs by the administrator's failure to notify defendant within seven days after the administrator received the claim (Navigation Law, § 182; 2 NYCRR 403.1). The majority concludes that defendant was not prejudiced by this lack of notification because defendant was adequately apprised of developments during the course of its participation in the cleanup, negotiations to complete the cleanup, efforts to avoid liability and rejection of a demand for payment for certain work performed. None of defendant's actions, however, served to make it aware of when the claims for cleanup and removal were filed with the administrator and, thus, defendant was, in effect, prevented from challenging the claims in arbitration. The administrator's failure, therefore, to comply with the notice requirement of section 182 of the Navigation Law by notifying defendant within seven days after receiving the claims was prejudicial to defendant and should bar the administrator from seeking reimbursement pursuant to section 188 of the Navigation Law. The order should be reversed and the complaint dismissed.