■ In the Matter of ALEX R. HIRSCH et al., Petitioners, v GAIL S. SHAFFER, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated January 20, 1983, which, after a hearing, suspended the individual petitioner's real estate broker's license for a minimum period of one month and until such time as he reimbursed complainants Frank and Judith De Luca in the sum of $1,296, and directed him to pay a fine to respondent in the sum of $500.

Determination confirmed and proceeding dismissed, on the merits, with costs.

The record establishes that the petitioner real estate broker entered into a *sub rosa* verbal agreement with the purchasers to secure additional compensation for negotiating a sale of real estate, which changed their financial status for mortgage purposes, failed to disclose this agreement at the closing, and then threatened and harassed the purchasers in order to enforce the obligation. Respondent's determination that this course of conduct demonstrated untrustworthiness and incompetency is supported by substantial evidence and, accordingly, we confirm said determination (*see, Matter of Gold v Lomenzo,* 29 NY2d 468; *Matter of Rustine v Patterson,* 82 AD2d 969; *Matter of Brennan v Cuomo,* 69 AD2d 881).

Moreover, petitioners' failure to object to the adequacy of the notice of charges against them at the administrative hearing and to raise this contention in the initial petition operates as a waiver of this claim (*see, Matter of Hopkins v Blum,* 87 AD2d 613, *affd* 58 NY2d 1011). In any event, petitioners were clearly and definitely apprised of the factual transaction upon which the charges were based and, therefore, the notice comported with due process requirements (*see, Matter of Rustine v Patterson, supra; Grimm v Department of State,* 56 AD2d 591). Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.