■ In the Matter of ANNETTE MARQUART, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 10, 1986, affirming the decision of the Commissioner of the Suffolk County Department of Social Services, dated November 1, 1985, which, after a hearing, denied the petitioner certain storage allowance fees.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The finding of the respondent Commissioner of the New York State Department of Social Services that the petitioner was not entitled to any further payment for the storage of her personal belongings is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Pell v Board of Educ., 34 NY2d 222).

We note that while the notice given by the Commissioner of the Suffolk County Department of Social Services to the

petitioner stating the reasons for the denial of benefits may have been incomplete, there was no denial of due process as the petitioner never made a request for greater specificity and agreed, in fact, to continue the fair hearing after apprising the Administrative Law Judge of her claim that the notice was inadequate *(see, Matter of Hopkins v Blum,* 87 AD2d 613, *affd* 58 NY2d 1011; *Matter of Multari v Town of Stony Point,* 99 AD2d 838; *Matter of Hirsch v Shaffer,* 108 AD2d 815). Furthermore, we note that the record fails to establish the existence of prejudice as the petitioner had sufficient notice of the basic issues to be determined at the hearing.

The regulatory classifications in effect when the determination was made did not deny the petitioner equal protection of the laws. In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because classifications are imperfect. If a reasonable basis is presented, the statute or regulation will pass constitutional muster *(Dandridge v Williams,* 397 US 471; *Lindsley v Natural Carbonic Gas Co.,* 220 US 61; *Matter of Davis,* 57 NY2d 382; *Board of Educ. v Nyquist,* 57 NY2d 27, *lv dismissed* 459 US 1138). A strong presumption of constitutionality attaches to every legislative act *(Matter of Davis, supra,* at 389; *Marcus Assocs. v Town of Huntington,* 45 NY2d 501) and the rationality of an act can be justified by any reasonable known or conceivable state of facts *(Matter of Davis, supra,* at 389; *Neale v Hayduk,* 35 NY2d 182, *appeal dismissed* 420 US 915, *reh denied* 420 US 1009). It can readily be assumed that the 60-day limitation on furniture storage allowances that existed under 18 NYCRR 397.5 (k) was intended to benefit those suffering from long-term disabilities and the lack of limitation in 18 NYCRR 352.6 (f) was meant to cover short-term temporary emergencies. This is evidenced by the former's predicate of Federal Supplemental Security Income eligibility and the latter's provision for storage allowances for "circumstances such as relocation, eviction or temporary shelter". In enacting the legislation and promulgating these regulations, it seems clear that the Legislature sought to provide a necessary service to persons in need of temporary storage. The Legislature and Department of Social Services never intended to subsidize indefinite storage. Rather, they obviously thought that their allowances for the purchase of furniture *(see,* 18 NYCRR 397.1 [b] [1]; 397.5 [a] [1]) combined with the opportunity to place recipients in furnished housing sufficed to meet the needs of persons who are incapacitated on a long-term basis.

In light of finding no denial of a constitutional right, the

petitioner has no cause of action under 42 USC § 1983 which would allow for the award of attorney's fees under 42 USC § 1988. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.