■ In the Matter of ELIZABETH JAMES, Petitioner, v GREGORY M. KALADJIAN, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents. [627 NYS2d 91] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Acting Commissioner of the New York State Department of Social Services,.dated April 1, 1993, which, after a hearing, denied the petitioner's application for storage expenses retroactive to 1985.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner seeks to compel the respondent Acting Commissioner of the New York State Department of Social Services to pay seven years of storage fees totalling approximately $14,000 that the petitioner incurred after she was evicted from her apartment. However, the petitioner failed to present sufficient evidence showing that the placement of her belongings in storage was authorized. Moreover, 18 NYCRR 352.6 (f), upon which the petitioner relies, applies to short-term emergencies. It was "never intended to subsidize indefi-

nite storage" *(Matter of Marquart v Perales,* 142 AD2d 678, 679). One month after her eviction, the petitioner relocated to furnished rooms where she resided for the next seven years. Thus, her emergency need for storage facilities had long passed *(see, Orenstein v Perales,* 180 AD2d 443). Accordingly, the finding of the respondent Acting Commissioner of the New York State Department of Social Services that the petitioner is not entitled to payment for the storage of her personal belongings is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.