OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 When the State has expended moneys from the New York Environmental Protection and Spill Compensation Fund for the cleanup and removal of discharged petroleum, an action for common-law indemnity lies against any party who caused the discharge. Such an action is governed by a six-year Statute of Limitations and accrues upon any related expenditure by the State.
 

 In 1977, the Legislature added a significant environmental protection measure by enacting the Oil Spill Prevention, Control, and Compensation Act (L 1977, ch 845; codified at Navigation Law, §§ 170-197). Grounded in the recognition of the extreme, deleterious effect oil spills have on the State’s lands and waterways (see Navigation Law, § 170), the Act seeks both to prevent the unregulated discharge of petroleum and to provide for speedy cleanups when spills occur (see Navigation Law, § 171).
 

 This first policy is advanced by provisions requiring the licensing of facilities used to transport and store petroleum and the reporting by these facilities of their operations and activities (see Navigation Law, § 174). Also imposed on any party discharging oil is strict liability “for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained.” (Navigation Law, § 181, subd 1.) Prompt removal of discharged oil is facilitated by the statute’s creation of a special
 
 *87
 
 fund, out of which expenditures may be made for cleanup activities and for compensation to the owners of damaged property. Once a spill has occurred, the State has a primary duty to respond promptly, evaluate the environmental impact of a spill, and to engage an agent or contractor or to itself undertake a cleanup effort (Navigation Law, § 176).
 

 The instant litigation arose from a leak in oil storage tanks located in Montgomery County and owned by defendant Brundige Oil Company. The leak, discovered in September 1978, contaminated the water well of a local restaurant, known as Chuck’s Lunch. In late 1979, the State acted to contain and remove the discharge. By the time the task was completed, nearly $10,000 had been expended. The State commenced this action in August 1982, seeking to recover its expenditures.
 

 Defendant moved to dismiss the action as time-barred. It asserted that the action arose from a liability imposed by statute and was governed by a three-year Statute of Limitations (see CPLR 214, subd 2) which commenced to run upon discovery of the oil spill. Supreme Court denied the motion. While the court agreed that a three-year limitation period applied, it reasoned that the action sounded in indemnity and did not accrue until the State made payment for the cleanup, thereby discharging defendant’s primary responsibility. The court determined, however, that the suit was untimely as to those payments made more than three years before the action was commenced.
 

 The Appellate Division modified by applying a different accrual time. The court agreed that the action was governed by a three-year Statute of Limitations. Relying on the strong legislative policy to protect the environment, however, the court held that the statute for the instant action should not commence to run until the final payment for the cleanup is made by the State or the identity of the party who discharged the oil is discovered, whichever occurs last. In this way, the court reasoned, satisfaction of the policy to hold dischargers of petroleum strictly liable would be assured. The part of the complaint seeking recovery for the early payments was, therefore, reinstated.
 

 Defendant was granted leave to appeal to this court on a certified question. This court now affirms, but on different grounds.
 

 As described above, the Navigation Law sets forth a statutory scheme that regulates the cleanup of oil spills and the respective obligations of the State and any party who has caused a discharge. Whereas both are required to pay for the cleanup,
 
 *88
 
 the discharger bears ultimate responsibility for the costs incurred (Navigation Law, § 181, subd 1). It is a well-settled principle that “[a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity”. (Restatement, Restitution, § 76; see
 
 McDermott v City of New York,
 
 50 NY2d 211, 217.) The instant action falls squarely within this definition. The State has incurred expenses to perform a duty primarily owed by the dis-charger of oil, here alleged to be defendant. Thus, the lower courts correctly characterized this action as one for indemnity.
 

 Those courts erred, however, in determining the appropriate limitations period. As an action for indemnity, the applicable statute is the six-year period for actions “upon a contractual obligation or liability express or implied” (CPLR 213, subd 2).
 

 The underpinning or indemnity actions is the prevention of unjust enrichment. In cases where such unfairness would arise from the assumption by a third party of another’s debt or obligation, “a contract to reimburse or indemnify is implied by law”
 
 (Brown v Rosenbaum,
 
 287 NY 510, 519; see
 
 Blanchard v Blanchard,
 
 201 NY 134). As liability theoretically springs from an implied contract, the six-year period has been applied in indemnity actions (see
 
 McDermott v City of New York,
 
 50 NY2d 211, 217,
 
 supra).
 
 Nothing in article 12 of the Navigation Law requires a different result here; the instant action cannot be said to be “created or imposed” by this statutory scheme. Indeed, the Navigation Law does not expressly provide for an indemnity action such as this. Moreover, it is clear that defendant’s underlying liability for an oil discharge falls outside the purview of the CPLR provision referring to the limitations period for statutory liabilities. That provision has been construed to apply to statutorily imposed liabilities “for wrongs not recognized in the common or decisional law”
 
 (State of New York v Cortelle Corp.,
 
 38 NY2d 83, 86). It cannot be said that liability for damage to land caused by an oil spill would not exist but for the statute.
 

 Finally, this court rejects the invitation to formulate a variant accrual date for indemnity actions arising out of factual patterns such as presented in this appeal. Although the courts enjoy flexibility, absent statutory directive, in determining the time of an action’s accrual (see
 
 Martin v Edwards Labs.,
 
 60 NY2d 417, 425), no compelling reason is presented in this case to diverge from the traditional view that an action for indemnity accrues when any “loss is suffered” by the party seeking indemnity (see
 
 McDermott v City of New York, supra,
 
 at p 217, and authorities
 
 *89
 
 cited). Inasmuch as the suit was commenced within six years after the State expended funds for the cleanup, the action is timely as to all of plaintiff’s expenditures.
 

 For the foregoing reasons, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the negative.
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, etc.