■ STATE OF NEW YORK, Respondent, v GORMAN BROTHERS, INC., et al., Appellants.—Harvey, J. Appeal from an amended order and judgment of the Supreme Court (Cheeseman, J.), entered March 6, 1990 in Albany County, which granted plaintiff's motion for summary judgment.

On July 5, 1984, a tanker truck owned by defendant Gorman Brothers, Inc. was involved in a fatal accident in the Town of Bolton Landing, Warren County. As a result of the accident, the tanker portion of the truck ruptured, discharging liquid asphalt into the surrounding soil and a Lake George tributary. State Police at the accident scene immediately notified the Department of Transportation Regional Oil Engineer who in turn arranged for Domermuth Petroleum Equipment and Maintenance Corporation (hereinafter Domermuth), a private contractor retained by plaintiff pursuant to Navigation Law §§ 176 and 177, to proceed to the accident site to commence a cleanup operation of the affected area. Both Gorman and its insurance carrier, defendant Aetna Casualty and Surety Company (hereinafter Aetna), were notified and sent representatives to review the spill but neither entity undertook to take over the ongoing cleanup at the site from Domermuth.

However, an initial invoice from Domermuth given to Aetna on approximately July 25, 1984, covering the work to date, was not immediately acted upon. Following several inquiries and meetings involving plaintiff's representatives concerned about Aetna's position, Aetna delivered a check for $153,000 representing 75% of the $204,395 Domermuth sought as reimbursement in its initial invoice. On October 8, 1984, Domermuth sent Aetna a second invoice for $129,375.01 representing work performed from July 25, 1984 to September 14, 1984. Aetna did not respond to this invoice. Thereafter, the Attorney-General informed Aetna that, pursuant to Navigation

Law § 176 (3), the New York Environmental Protection and Spill Compensation Fund (hereinafter the Fund) would have to begin paying Domermuth, and that if Gorman and Aetna did not forward a settlement to Domermuth, a complaint would be filed with the Insurance Department.

About that same time, Domermuth brought separate actions against defendants. Aetna then sent Domermuth a second check for $47,000, but refused to pay the rest of the invoice amounts principally because of Domermuth's alleged failure to demonstrate due diligence in its cleanup operations. Following motions, Supreme Court denied Domermuth's motion for summary judgment and dismissed the complaint against Aetna for lack of standing. Thereafter, at the urging of the Department of Transportation, Domermuth applied to the Fund for payment of the cleanup costs denied by Aetna, and Domermuth was ultimately paid $117,556.62. Subsequently, other payments to Domermuth and other contractors were made by the Fund totaling $135,578.87. When requests to Aetna to reimburse the Fund were not heeded, plaintiff commenced this action against defendants for reimbursement of the amounts expended by the Fund. Following joinder of issue, plaintiff requested, and was granted, summary judgment. This appeal by defendants followed.

Initially, we reject defendants' contention that, because the earlier Supreme Court decision denying Domermuth's motion for summary judgment concluded that defendants had a right to challenge the amount of the bills submitted by Domermuth, plaintiff is now collaterally estopped from seeking summary judgment in this action for indemnification of the cleanup costs paid to Domermuth. The invocation of collateral estoppel requires identity of issues with the prior actions decided against that party and a full and fair opportunity to contest the issues in the prior action *(Hudson River Rafting Co. v Niagara Mohawk Power Corp.,* 148 AD2d 856). Here, although it can be argued that plaintiff is in privity with Domermuth because it seeks indemnification *(see, e.g., Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69), it is apparent that plaintiff does not seek the same relief in this action as that sought by Domermuth. While Domermuth sought the amount of its own unaudited invoices, plaintiff, on the other hand, seeks reimbursement of payments it was statutorily required to pay *(see,* Navigation Law § 181 [2]). Further, plaintiff has a duty to review the validity of the claims paid by the Fund *(see,* Navigation Law § 186). The time for defendants to challenge the amount of the cleanup costs demanded from them has

long passed *(see,* Navigation Law § 185; 2 NYCRR 403.1; *see also, State of New York v Shell Oil Co.,* 86 AD2d 738), and the duty owed to plaintiff at this point has now become absolute *(see,* Navigation Law § 181 [3]). As Gorman's insurance carrier, Aetna is also liable for the costs of cleanup and removal (Navigation Law § 190; *see, Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins,* 111 AD2d 957, 959). Policy considerations mandate that Domermuth's attempts to directly recover from defendants should not interfere with plaintiff's ability to enforce its statutory rights *(see,* Navigation Law § 181 [3]).

In summary, it is our view that collateral estoppel does not apply here and, in the absence of questions of fact, summary judgment was properly granted to plaintiff. All other arguments by the parties have been examined and have been found to be unpersuasive.

Amended order and judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.