■ STATE OF NEW YORK, Respondent, v WISSER COMPANY, INC., Appellant. (And a Third-Party Action.)—Levine, J. Appeal from an order and judgment of the Supreme Court (Conway, J.), entered January 12, 1990 in Albany County, which granted plaintiff's motion for summary judgment.

In 1976, defendant purchased a gasoline station located in the Village of Rockville Centre, Nassau County. Thereafter, in January 1981, defendant leased the premises for a 10-year period to third-party defendant Shaemark Industries, Inc., who in turn entered into a sublease with third-party defendant Paul M. Wehr. In January 1982, after Wehr had commenced operation of an Amtec service station on the premises, gasoline odors were discovered emanating from the basement of an adjacent property. Following an investigation, the Department of Transportation (hereinafter DOT) and the Department of Environmental Conservation were notified and subsequent testing indicated that gasoline had leaked from seven of the eight underground storage tanks located on defendant's property. Defendant was notified by DOT of the test results in March 1982 and advised that in the event it failed to take corrective measures, DOT would clean up the spill and seek reimbursement pursuant to Navigation Law article 12. When defendant failed to respond to DOT's initial notice and its subsequent notice of September 1982, DOT hired contractors to install observation and recovery wells on the property.

Subsequently, the administrator of the State Environmental Protection and Spill Compensation Fund (hereinafter the Fund) authorized payment in the amount of $137,759.32 to the contractors hired by DOT to perform the gasoline cleanup and removal and requested reimbursement from defendant for the claims paid as of September 1986. Receiving no response, plaintiff commenced the instant action in January 1987 seeking, *inter alia,* reimbursement and statutory penalties. Defendant then commenced a third-party action for contribution

and/or indemnification against Shaemark, Wehr and third-party defendant Amtec Petroleum Corporation. Following discovery, plaintiff moved for summary judgment on its complaint. Defendant opposed the motion on various grounds, including that it required further discovery in the third-party action in order to establish its defense. Supreme Court granted plaintiff's motion, awarding it reimbursement in the amount of $137,759.32 and statutory penalties in the amount of $25,000. This appeal followed.

There should be an affirmance. Navigation Law § 181 (1) provides, "Any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs * * * no matter by whom sustained." This provision has been construed to impose liability on, among others, the owner of a system from which a discharge occurred *(see, State of New York v New York Cent. Mut. Fire Ins. Co.,* 147 AD2d 77, 79), regardless of a lack of proof of any wrongful act or omission by such owner directly causing the discharge *(see, supra; Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins,* 111 AD2d 957, 958-959). On this appeal, defendant contends that a question of fact precluding summary judgment was raised regarding the ownership of the defective storage tanks located underneath its property. We disagree.

Plaintiff, in support of its motion, submitted the lease agreement between defendant and Shaemark which provided, *inter alia,* that "all items attached to the premises, islands or underground, are to remain the property of [defendant]" and that certain equipment, including eight gasoline storage tanks, "[are] the property of [defendant]". Additionally, defendant's president, William Wisser, testified at his examination before trial that, according to the records before him at that time, defendant owned the storage tanks in 1982. In opposition to the foregoing evidence, defendant pointed to a November 1982 in-court stipulation, entered into for purposes of allowing DOT employees to enter defendant's property, in the course of which defendant's counsel stated that ownership of the tanks had been transferred by defendant to Shaemark. However, the statement was self-serving, unnecessary for the purposes of the stipulation and was made by a person not possessing any direct knowledge of the facts. By no fair interpretation of the stipulation can the statement be read as a factual admission by DOT. Thus, defendant submitted no proof in evidentiary form which tended to show that it sold the tanks to Shaemark *(see, Zuckerman v City of New York,* 49

NY2d 557, 562). Nor did defendant sufficiently demonstrate "that facts essential to justify opposition may exist but cannot [presently] be stated" (CPLR 3212 [f]). While the affidavit of defendant's counsel states that defendant lacks necessary information regarding ownership and control of the tanks, it falls short of establishing that its ignorance of the essential facts is unavoidable and that it has made reasonable attempts to obtain the necessary information (see, Alston v Golub Corp., 129 AD2d 916, 918; Kenworthy v Town of Oyster Bay, 116 AD2d 628, 629). Accordingly, Supreme Court properly granted plaintiff summary judgment on the issue of liability.

We also find unavailing defendant's argument that, because it had no opportunity to contest through arbitration the validity or amount of the cleanup and removal costs (see, Navigation Law § 185 [1]), Supreme Court erred in summarily awarding plaintiff full reimbursement. In order to challenge the claims for cleanup and removal costs presented to the Fund for payment, defendant was required to "file a written notice with the [Fund] administrator no later than seven calendar days after such claim[s] for payment [were] received by the administrator" (2 NYCRR 403.1). While plaintiff does not dispute that defendant was not given notice of the Fund's receipt of the cleanup cost claims (see, Navigation Law § 182), the letters from DOT dated March 12, 1982 and September 21, 1982 placed defendant on notice of the leak, its responsibility for cleanup and removal and its responsibility for reimbursement should DOT be required to undertake cleanup. Thus, it is our view that the absence of notice to defendant of the Fund's receipt of the cleanup cost claims did not result in prejudice to defendant such that it was denied an opportunity to controvert such claims (see, State of New York v Shell Oil Co., 86 AD2d 738, 739-740). Moreover, it is clear that defendant failed to respond to the Fund administrator's September 26, 1986 letter requesting reimbursement for costs expended to that date. Even if defendant's time to bring a challenge under 2 NYCRR 403.1 is measured from that date, we are compelled to conclude that such time "has long passed" and that defendant's duty to reimburse plaintiff "has now become absolute" (State of New York v Gorman Bros., 166 AD2d 859, 860, 861).

Order and judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.