■ STATE OF NEW YORK, Respondent, v LADD'S GAS STATION, INC., Defendant, and UTICA MUTUAL INSURANCE COMPANY, Appellant. [603 NYS2d 609] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 14, 1992 in Albany County, which, *inter alia,* denied defendant Utica Mutual Insurance Company's motion to amend its answer.

In this action pursuant to Navigation Law article 12, plaintiff seeks to recover the costs it incurred in the cleanup of gasoline contamination discovered in September 1986 at a gasoline station owned by defendant Ladd's Gasoline Station, Inc. The complaint alleges that during 1986 and prior thereto Ladd's was insured by defendant Utica Mutual Insurance Company under a comprehensive general liability policy. Utica Mutual denied the allegation. Discovery proceedings revealed that Utica Mutual had apparently issued a comprehensive general liability policy to Ladd's in July 1986 and that prior thereto Utica Mutual had provided liability insurance coverage to Ladd's in one of two forms: a garage policy or an owner's, landlord's and tenant's policy. Upon learning of these other policies, plaintiff indicated that it would seek to recover from Utica Mutual under all of the policies and not just the comprehensive general liability policy. Utica Mutual then moved to amend its answer to include two new affirmative defenses, one based upon certain exclusions contained in the policies and the second challenging the reasonableness of the cleanup costs alleged by plaintiff. Supreme Court denied the motion, resulting in this appeal by Utica Mutual.

Provided that there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit, leave to amend pleadings under CPLR 3025 (b) should be freely granted *(see, Ramundo v Town of Guilderland,* 108 AD2d 995). Plaintiff does not claim prejudice from the proposed amendments to Utica Mutual's answer, but instead alleges that the proposed affirmative defenses are plainly lacking in merit. As to the affirmative defense based upon various policy exclusions, plaintiff contends that Utica Mutual's failure to comply with the notice of disclaimer requirements of Insurance Law § 3420 (d) renders the affirmative defense meritless. Inasmuch as the underlying claim did not arise out of an accident involving bodily injury or death, Insurance Law § 3420 (d) is inapplicable *(see, Kamyr, Inc. v St. Paul Surplus Lines Ins.*

*Co.,* 152 AD2d 62, 67). Accordingly, even if Utica Mutual did not timely disclaim, which cannot be determined from this record, plaintiff must establish prejudice in order to estop Utica Mutual from asserting its coverage defenses *(see, O'Dowd v American Sur. Co.,* 3 NY2d 347, 355). We conclude, therefore, that Utica Mutual's exclusion based affirmative defense is not plainly lacking in merit.

We reach a contrary conclusion as to the affirmative defense based upon a challenge to the reasonableness of the cleanup costs. In an action by the State under Navigation Law article 12, a defendant who fails to make a timely challenge of cleanup costs *(see,* 2 NYCRR 403.1) will be precluded from raising the issue as a defense to the State's claim *(State of New York v Wisser Co.,* 170 AD2d 918, 920; *State of New York v Gorman Bros.,* 166 AD2d 859, 860-861). Utica Mutual was aware of the contamination and its insured's liability for cleanup costs in September 1986 when Ladd's sent Utica Mutual a copy of plaintiff's cleanup demand issued to Ladd's. Ladd's received a bill for plaintiff's cleanup operations in February 1988 and promptly sent a copy of the bill to Utica Mutual's agent. Neither Ladd's nor Utica Mutual did anything to challenge the amount of the costs until the affirmative defense was first interposed in Utica Mutual's amended answer in November 1990. In these circumstances, we conclude that the time for Utica Mutual to challenge the amount of the cleanup costs has long passed *(see, State of New York v Wisser Co., supra; State of New York v Gorman Bros., supra),* and its affirmative defense based upon a challenge to the amount of cleanup costs is, therefore, plainly lacking in merit.

Based upon the foregoing analysis, Utica Mutual should be permitted to amend its answer to assert the affirmative defense based upon the policy exclusions, but its motion should otherwise be denied. The order must, therefore, be modified accordingly.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendant Utica Mutual Insurance Company's motion for leave to serve an amended answer which includes the third affirmative defense contained therein; motion granted to that extent; and, as so modified, affirmed.