■ MERCHANTS MUTUAL INSURANCE COMPANY, Appellant, v ALLCITY INSURANCE COMPANY, Respondent, et al., Defendants. (And Two Other Related Actions.) [664 NYS2d 690] —Mercure, J. P. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered October 2, 1996 in Rensselaer County, which, upon reargument, vacated a prior order granting plaintiff's motion for partial summary judgment, (2) from an order of said court, entered April 8, 1997 in Rensselaer County, which granted defendant AllCity Insurance Company's motion to resettle the court's prior order granting reargument, and (3) from a judgment of said court, entered April 29, 1997 in Rensselaer County, which denied plaintiff's motion for partial summary judgment and made a declaration in favor of defendant AllCity Insurance Company.

N. Storonske Cooperage Company, Inc. and its principal, Michael Greenberg (hereinafter collectively referred to as Storonske), were in the business of purchasing 55-gallon steel drums from industrial firms and then cleaning, repainting and reselling the drums. Although ostensibly empty, many of the drums contained residual amounts of chemical liquid and sludge, which Storonske removed and stored in 55-gallon drums, and the wastewater used in the cleaning process was placed in an open holding tank or "lagoon", all on Storonske's premises in the Town of Schodack, Rensselaer County. Beginning in early 1980, the Rensselaer County Department of Health and the State Department of Environmental Conservation began an investigation and made frequent contacts with Storonske concerning alleged discharges of chemical wastes and soil contamination from the holding tank and the drums stored on the site. In March 1986, the Department of Environmental Conservation issued a consent order designating Storonske's property as an "inactive hazardous waste disposal site", the holding tank was removed and Storonske was required to take necessary action to identify and, if necessary, mitigate or eliminate present and potential future threats to the environment.

Thereafter, three separate actions were commenced against

Storonske based upon its discharges of pollutants: an action by the State commenced in Federal District Court in October 1987 (hereinafter the State action), an action by James Hicks and others commenced in Supreme Court in May 1988 (hereinafter the Hicks action), and an action by Betty Lou Baker and others commenced in Supreme Court in July 1989 (hereinafter the Baker action). Storonske had in effect a number of liability insurance policies during the time periods covered by the respective lawsuits. Defendant AllCity Insurance Company (hereinafter defendant) issued policies covering Storonske for the period July 16, 1979 to July 16, 1983, which policies contained the following pollution exclusion: "This insurance ,does not apply * * * to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or other water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental." Defendant disclaimed coverage based upon, among other things, the pollution exclusion. Storonske also had in effect liability policies issued by plaintiff and defendant National Grange Mutual Insurance Company. Those insurers voluntarily undertook to defend Storonske in the underlying actions.

Plaintiff thereafter commenced separate actions seeking, *inter alia*, a declaration that defendant's disclaimers in the Hicks action and the Baker action were invalid. Storonske commenced a third action against, among others, defendant, plaintiff and National Grange seeking a declaration as to the respective insurance companies' obligation to defend and indemnify Storonske in the State action. Following joinder of issue, plaintiff moved for partial summary judgment determining defendant to be one third responsible for defense costs in the underlying actions. Initially, finding as a matter of law that defendant had not effectively disclaimed coverage and that the generalized allegations of the underlying complaints were sufficiently broad to fall within the policy's definition of an "occurrence", Supreme Court granted the motion. Subsequently, however, Supreme Court granted defendant's motion for reargument and, upon reargument, concluded that defendant's pollution exclusion applied and defendant was not obligated to defend or indemnify Storonske. Supreme Court consequently granted judgment denying plaintiff's motion for partial summary judgment and making a declaration in favor of defendant. Plaintiff appeals.

We affirm. We begin with the general proposition that,

because "the failure to disclaim coverage does not create coverage which the policy was not written to provide" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 134; *see, Rhinebeck Bicycle Shop v Sterling Ins. Co.*, 151 AD2d 122, 125), in the case where an insurance policy does not cover a particular risk, the insurer need not issue a disclaimer based upon the lack of coverage. Thus, absent a controlling statutory provision, to the extent that the allegations of the underlying complaints in the State action, the Hicks action or the Baker action place the respective claims within the pollution exclusion of defendant's policy, there was, facially, no obligation to disclaim coverage (*see, Schiff Assocs. v Flack*, 51 NY2d 692; *State of New York v Ladd's Gas Sta.*, 198 AD2d 654; *Rhinebeck Bicycle Shop v Sterling Ins. Co.*, *supra*, at 125; *compare, Central Gen. Hosp. v Chubb Group*, 90 NY2d 195 [applying Insurance Law § 5106 (a)]; *Zappone v Home Ins. Co.*, *supra* [applying Insurance Law former § 167 (8), superseded by Insurance Law § 3420 (d)]).

Plaintiff contends, however, that Insurance Law § 3420 (d) applies in this case and, as a result, defendant's failure to timely assert its pollution exclusion defense effected a waiver. Here, the relevant inquiry is whether the underlying claim is "for death or bodily injury arising out of [an accident]", as provided in Insurance Law § 3420 (d) (*see, State of New York v Ladd's Gas Sta.*, *supra*; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62, 67). With regard to the State action and the Baker action, that inquiry proves fatal to plaintiff's claim. Specifically, the complaint in the State action pleads causes of action under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and a further claim sounding in public nuisance, seeking reimbursement for damage to the State's natural resources and the costs of assessment, removal and remediation of the contamination, and an injunction directing Storonske to abate the nuisance at its site. The complaint in the Baker action seeks only to abate a nuisance and damages designed to reimburse the plaintiffs for the cost of water pollution controls and diminution in the market value of their property. Neither the State action nor the Baker action seeks to recover for any type of personal injury and we are wholly unpersuaded that nebulous references to "risk of impaired health", "threat to human, animal and plant life", "health, safety and well-being", and the like, lend legitimate support for a contrary view.

The complaint in the Hicks action causes somewhat more difficulty. There, the plaintiffs allege that, as the result of the pollution of their drinking water, they are at risk of disease

because of exposure to identified toxins, pollutants and contaminants, causing them to suffer emotional distress, most particularly fear of disease. As correctly contended by plaintiff, an action seeking to recover for emotional distress may well fall within the ambit of Insurance Law § 3420 (d) (see, *Lavanant v General Acc. Ins. Co.*, 79 NY2d 623). Nonetheless, we agree with defendant that, following commencement of the Hicks action, defendant gave Storonske prompt notice that it was undertaking the defense under a reservation of rights. That notice was in turn followed within a reasonable period of time by an express written disclaimer based, *inter alia*, upon the policy's pollution exclusion.

We are also unpersuaded that plaintiff has made a competent evidentiary showing that defendant should be estopped from denying coverage because, in reliance of its undertaking the defense of the case, "the insured suffer[ed] the detriment of losing the right to control its own defense" (*Schiff Assocs. v Flack*, 51 NY2d 692, 699, *supra*). Notably, defendant's June 23, 1988 agreement to represent Storonske was expressly subject to defendant's reservation and explicitly stated that defendant would defend "at this time, pending further investigations and decisions on coverage at a later date following all investigations". Based on the foregoing, we conclude that defendant has not waived its pollution exclusion defense.

Finally, we reject plaintiff's contention that the underlying occurrences fell within the exception to the pollution exclusion for sudden or accidental occurrences. That exception, itself the subject of considerable litigation, "is not operative unless the occurrence in question was *both* 'sudden' and 'accidental' " (*Powers Chemco v Federal Ins. Co.*, 74 NY2d 910, 911, quoting *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 75 [emphasis in original]). Here, plaintiff has failed to present any facts to support the contention that the subject pollution was in any way "sudden".

Plaintiff's additional contentions have been considered and found to be unavailing.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.