■ STATE OF NEW YORK, Plaintiff, v ROBERT ACKLEY, Doing Business as BOB'S SERVICE STATION, et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Respondent. [664 NYS2d 876] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Donohue, J.), entered January 27, 1997 in Albany County, which granted third-party defendant's motion for summary judgment dismissing the amended third-party complaint.

In the third-party action from which this appeal arises, defendant Robert Ackley (hereinafter defendant), owner and operator of a gasoline and service station, seeks a declaration that his liability insurance provider, General Accident Insurance Company of America (hereinafter GAI), has a duty to defend and indemnify him in connection with the underlying suit brought by plaintiff to recover the cost of cleaning up an underground gasoline leak. Supreme Court granted GAI's motion for summary judgment, finding that defendant's failure to promptly notify GAI of the discharge, as the policy requires, justified GAI's disclaimer of coverage. Defendant appeals.

Although filed prior to service of its answer, GAI's motion papers expressly sought either dismissal or, in the alternative, summary judgment; in response, defendant submitted affidavits and other documentary evidence purportedly substantiating his allegations. Both parties having thus demonstrated an intention to " 'chart[ ] a summary judgment course' ", Supreme Court did not, as defendant charges, err in treating the application as one for summary judgment (*see, Gregware v Key Bank*, 218 AD2d 859, 861, *lv denied* 87 NY2d 803).

Regarding the merits, we conclude, for essentially the same

reasons outlined by Supreme Court, that GAI is entitled to the relief it seeks. In support of its motion, GAI proffered evidence establishing that defendant did not file a notice of loss, or otherwise notify GAI that a leak had occurred, until March 30, 1993, despite having been notified that he would be liable for the cleanup costs shortly after cleanup efforts began in 1986. In opposition, defendant asserted that his delay was not unreasonable because he was unaware that he had suffered a loss until plaintiff demanded reimbursement in February 1993; that GAI had received actual or constructive notice of the leak within several months of its occurrence, either by means of a communication between defendant and his insurance agent, or through GAI's annual inspection of the premises; and that GAI had waived its right to disclaim by failing to do so in a timely manner.

The first of these arguments is belied by the record evidence, which clearly demonstrates that defendant was told of his ultimate liability for the cleanup costs, and plaintiff's intent to seek reimbursement thereof, just days after the spill occurred; hence, he could not have entertained a "reasonable belief in nonliability" thereafter (*White v City of New York*, 81 NY2d 955, 957). The second of defendant's contentions, to the extent that it is based on principles of constructive notice, is unavailing, for it simply has no foundation in the law (*see, Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499, *lv dismissed* 74 NY2d 651). And, insofar as defendant maintains that he satisfied the notice requirement by informing his agent of the events at issue, the proof does not support that assertion.

As for GAI's purported waiver, defendant's reliance on Insurance Law § 3420 (d) is misplaced, for that provision does not apply where, as here, the underlying claim does not involve bodily injury or death (*see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689, 690; *State of New York v Ladd's Gas Sta.*, 198 AD2d 654). Having failed to demonstrate how he was prejudiced by GAI's delay, defendant cannot prevail on this basis (*see, State of New York v Ladd's Gas Sta., supra*, at 655; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62, 67). In any event, the record discloses that GAI's disclaimer of coverage was not unreasonably delayed (*see, Matter of Prudential Prop. & Cas. Ins. Co. [Mathieu]*, 213 AD2d 408).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.