■ STATE OF NEW YORK, Respondent, v SPEONK FUEL, INC., et al., Appellants, et al., Defendant. [710 NYS2d 652] —Spain, J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 14, 1999 in Albany County, which, *inter alia*, denied a cross motion by defendant Speonk Fuel, Inc. for summary judgment dismissing the complaint against it.

In March 1986 defendant Thomas H. Mendenhall purchased a parcel of property in Suffolk County at which the seller, defendant Local Wrench Service Station, Inc., had operated a service station. At the same time, defendant Speonk Fuel, Inc. purchased the service station business. Mendenhall is the president of Speonk. Several months prior to the sale, Local Wrench had five of the underground gasoline storage tanks on the property tested for tightness and one of the tanks failed the test. In January 1986, shortly after Mendenhall signed the contract to purchase the property, the suspect tank was removed and a hole was discovered in the bottom of the tank. Plaintiff thereafter began clean up of the contamination caused by the leaking tank.

In September 1996 plaintiff commenced this action against Speonk and Local Wrench pursuant to Navigation Law article 12 to recover the clean-up costs. Speonk and Local Wrench defaulted, but plaintiff agreed to vacate the default judgment entered thereon. Speonk thereafter answered while Local Wrench remained in default. Plaintiff subsequently moved to add Mendenhall as a party defendant and to amend its complaint to reflect additional clean-up expenditures. Speonk cross-moved for summary judgment dismissing the complaint against it. Supreme Court granted plaintiff's motion and denied the cross motion. Speonk and Mendenhall (hereinafter collectively referred to as defendants) appeal.

There is no merit to defendants' contention that this action is barred by the Statute of Limitations. Plaintiff's action is one

for indemnification, subject to a six-year limitations period (*see, State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88). Contrary to defendants' claim, the Statute of Limitations did not begin to run upon plaintiff's first payment of the costs incurred in the cleanup and removal of the petroleum contamination. Rather, if the action "was commenced within six years after [plaintiff] expended funds for the cleanup, the action is timely as to all of plaintiff's expenditures" (*id.*, at 89). In this case, plaintiff demonstrated that it expended funds as late as September 1996 and, therefore, the action is timely as against both defendants.

Inasmuch as defendants did not own the property when the discharge occurred and the leaking tank was removed prior to closing, defendants contend that they are not dischargers subject to liability under the Navigation Law. Plaintiff contends that any owner of property on which a discharge occurred is subject to Navigation Law liability without regard to fault. "This court has consistently construed Navigation Law § 181 (1) so as to impose liability on the owner of a system from which a discharge occurred in the absence of evidence that the owner caused or contributed to the discharge" (*Matter of White v Regan*, 171 AD2d 197, 199-200, *lv denied* 79 NY2d 754 [citations omitted]). In most cases, the property owner and system owner are one and the same (*see, e.g., State of New York v Arthur L. Moon, Inc.*, 228 AD2d 826, *lv denied* 89 NY2d 861; *State of New York v Tartan Oil Corp.*, 219 AD2d 111), but where there is no such unity of ownership, liability without regard to fault is properly imposed on the system owner and not on the faultless property owner (*see, State of New York v Green*, 271 AD2d 11 [decided herewith]).

In this case, Mendenhall is the owner of the property and there is no evidence that his purchase of the property did not include the tanks, pipes and other fixtures that constituted the system. The fact that the leaking tank was removed shortly before he purchased the system is irrelevant. He is the owner of a system from which a discharge occurred and the contamination from that discharge remained when Mendenhall purchased the system. Accordingly, Supreme Court did not err in granting plaintiff's motion to add Mendenhall as a defendant.

With regard to Speonk, however, there is no evidence that its purchase of the service station business included any ownership interest in the system. Nor is there any evidence that a petroleum discharge occurred while Speonk operated the service station business. In the absence of any ownership interest

in the system from which the discharge occurred, Speonk's mere operation of the service station business after the system had been repaired is insufficient to impose liability under the Navigation Law (*see generally*, *State of New York v Markowitz*, 273 AD2d 637 [decided herewith]). Accordingly, Speonk was entitled to summary judgment dismissing the complaint against it.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant Speonk Fuel, Inc. for summary judgment dismissing the complaint against it; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.