■ State of New York, Respondent, v Robert P. Ackley et al., as Coexecutors of Robert H. Ackley, Deceased, et al., Appellants, et al., Defendant. [734 NYS2d 722] —Peters, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered July 11, 2000 in Albany County, which, *inter alia*, granted plaintiff's motion for partial summary judgment against defendants Robert P. Ackley and Gloria J. Russell, and (2) from the judgment entered thereon.

As a result of an underground gasoline spill discovered on September 3, 1986 at a gas station owned by Robert H. Ackley (hereinafter decedent), decedent retained the services of Larry Tyree, Inc., an environmental contractor, to assist with remediation efforts. By September 26, 1986, however, decedent advised plaintiff that he could no longer afford the costs. On October 7, 1986, the Department of Environmental Conservation (hereinafter DEC) advised decedent that it would immediately assume all responsibility for remediation but would thereafter seek reimbursement for all associated expenses. DEC's remediation efforts, which included removal of underground tanks in July 1994, continued through 1999 due to the discovery of a previous discharge at such site.

In February 1994, plaintiff commenced this action pursuant

to Navigation Law article 12 against decedent and others to recover the costs of remediation incurred by the New York Environmental Spill Compensation Fund (hereinafter the Fund). Following decedent's death in 1995, defendants Robert P. Ackley and Gloria J. Russell (hereinafter collectively referred to as defendants), coexecutors of decedent's estate, were substituted as defendants. In response to plaintiff's motion for partial summary judgment on the issue of liability, defendants cross-moved for dismissal of the complaint claiming that the action was barred by the applicable Statute of Limitations. Alternatively, they asserted that if partial summary judgment were granted, they were entitled to a hearing challenging the reasonableness and propriety of expenses that plaintiff sought to recover. Supreme Court found the claim timely, denied the request for a hearing, and granted plaintiff's motion for partial summary judgment. Judgment was thereafter entered in the amount of $851,412.52, including interest, costs and disbursements. Defendants appeal.

We reverse. An action for indemnity is governed by a six-year Statute of Limitations (*see, State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 86; *State of New York v Speonk Fuel*, 273 AD2d 681, 682; *see also*, CPLR 213 [2]; 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 113, at 237) and the Court of Appeals has guided that it "accrues when any 'loss is suffered' by the party seeking indemnity" (*State of New York v Stewart's Ice Cream Co., supra*, at 88). In making such determination, the Court, presented with a situation whereby payments were made by the Fund over an extended period, declined "the invitation to formulate a variant accrual date" (*id.*, at 88). In so finding, it rejected the appellate court finding that the action should not be deemed to commence until final payment is made (*id.*, at 87). Based thereupon, we concluded in *Oliver Chevrolet v Mobil Oil Corp.* (249 AD2d 793) that when faced with an action seeking reimbursement of amounts expended in remediation of a spill, the statutory period must be "measured from the time plaintiff suffered a loss by paying the debt for which it alleges defendant should be held responsible" (*id.*, at 795). Although not specifically addressing the issue presented here, the determination comports with Navigation Law § 181-c, effective July 1991, which states that, with respect to the filing of notice of an environmental lien, it "shall be filed within six years from the time a disbursement is made by the [F]und for cleanup and removal costs" (Navigation Law § 181-c [1]). For these reasons, we conclude that, in this proceeding, the statutory period from which this claim shall be deemed to commence is from the time that a payment was

made from the Fund for cleanup and removal costs.* With the record failing to reveal when payments were made from the Fund to compensate plaintiff for the expenses that it incurred on decedent's behalf, we remain unable to determine whether some or all of such payments fall within the statutory period.

Next, while Navigation Law § 185 authorizes a challenge to the reasonableness of the costs incurred, defendants' failure to have asserted a timely challenge thereto precludes further review (see, 2 NYCRR 403.1; State of New York v Ladd's Gas Sta., 198 AD2d 654, 655; State of New York v Wisser Co., 170 AD2d 918, 920; State of New York v Gorman Bros., 166 AD2d 859, 861). As we have previously noted, decedent "was told of his ultimate liability for the cleanup costs, and plaintiff's intent to seek reimbursement thereof, just days after the spill occurred" (State of New York v Ackley, 245 AD2d 668, 669). For this reason, defendants cannot assert an absence of notice (see, State of New York v Wisser Co., supra, at 920).

Cardona, P. J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment against defendants Robert P. Ackley and Gloria J. Russell; motion denied; and, as so modified, affirmed.

---

* To the extent that this decision is inconsistent with State of New York v Speonk Fuel (273 AD2d 681, supra), we decline to follow it.