■ STATE OF NEW YORK, Respondent, v CITY OF YONKERS, Appellant. [741 NYS2d 430] —In an action pursuant to article 12 of the Navigation Law, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 28, 2000, which granted the plaintiff's motion for summary judgment on its cause of action to recover environmental cleanup costs.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the defendant's contention, the plaintiff is entitled to recover all of the costs it expended in the cleanup of the petroleum spill (*see* Navigation Law § 181 [1]; *State of New York v Delaria*, Sup Ct, Albany County, Oct. 9, 1998, Ferradino, J., Index No. 61-94, *affd* 267 AD2d 753; *cf. United States v Hyundai Merchant Mar. Co.,* 172 F3d 1187, 1191 [9th Cir 1999], *cert denied* 528 US 963; *United States v Beatty, Inc.,* 401 F Supp 1040 [WD Ky 1975]). Ritter, J.P., Smith, Krausman and Townes, JJ., concur.

■ TEC AMERICA, INC., Appellant, v GLOBE MONTE METRO, INC., Respondent. [741 NYS2d 431] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), entered July 27, 2001, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff seeks to recover the sum of $497,010 from the defendant for breach of contract and goods sold and delivered. The plaintiff established its entitlement to summary judgment based on the affidavit of its controller, documentary evidence, and admissions made by a principal of the defendant in another proceeding. The defendant's conclusory and unsubstantiated allegations in opposition to the motion failed to establish the existence of a triable issue of fact with respect to its claim that it is entitled to a setoff for breach of a related agreement or with respect to its statute of limitations defense (*see Zuckerman v City of New York,* 49 NY2d 557, 562). Consequently, the Supreme Court should have granted the plaintiff's motion. Santucci, J.P., Altman, Townes and Crane, JJ., concur.