[762 NYS2d 674]

STATE OF NEW YORK, Appellant-Respondent, v SPEONK FUEL, INC., Respondent-Appellant, et al., Defendants.

Third Department, July 3, 2003

60

**APPEARANCES OF COUNSEL**

*Eliot Spitzer, Attorney General*, Albany (*Edward Lindner* of counsel), for respondent.

*Nicholas J. Damadeo P.C.*, Smithtown (*Nicholas J. Damodeo* of counsel), for appellant.

**OPINION OF THE COURT**

SPAIN, J.P.

Plaintiff commenced this action on September 26, 1996, pursuant to Navigation Law article 12, to recover funds expended by the New York Environmental Protection and Spill Compensation Fund (hereinafter Fund) for the cleanup of a fuel storage tank that leaked on property located on Montauk Highway in East Quogue, Suffolk County. In March 1986, after the leaking tank had been removed, defendant Speonk Fuel, Inc., purchased from defendant Local Wrench Service Station, Inc., the service station business located on the property, and Speonk's president, defendant Thomas H. Mendenhall, purchased the real property on which the station was located. The Fund thereafter began the clean up. Previously in this action, Local Wrench defaulted and this Court granted Speonk's motion for summary judgment dismissing plaintiff's complaint against Speonk, but not Mendenhall, based upon the lack of evidence of Speonk's ownership of the system from which the discharge came (273 AD2d 681, 682 [2000], *lv dismissed* 98 NY2d 721 [2002]). However, the parties subsequently entered into a stipulation dismissing the complaint against Mendenhall with prejudice and Speonk consented to the entry of judgment against it, in favor of plaintiff, on the issue of liability only.

Plaintiff then moved for partial summary judgment on the issue of damages, seeking indemnification from Speonk of the Fund's actual cleanup and removal expenditures of $554,363.93 plus prejudgment interest. Speonk opposed the motion, claiming that it had raised a triable issue regarding the reason-

ableness of the cleanup costs expended and that the six-year statute of limitations precluded plaintiff's recovery of payments made more than six years prior to plaintiff's September 26, 1996 commencement of this action.

Supreme Court granted plaintiff's motion to the extent of awarding it judgment for all cleanup costs incurred within six years of the commencement of this action plus prejudgment interest, but precluded plaintiff from recouping expenditures made more than six years before the action was commenced (i.e., before September 26, 1990). Plaintiff appeals, arguing that the six-year statute of limitations for common-law indemnification begins to run on the date of the Fund's *last* payment for cleanup costs and, thus, the Fund is entitled to full recovery of all expenditures. Speonk cross-appeals, seeking dismissal of the complaint against it on the ground that the statute of limitations commenced upon plaintiff's *first* payment for cleanup costs and, thus, the action was untimely in all respects and, alternately, that it is entitled to a hearing on the reasonableness of the expenditures.

■ The parties agree that this is an action for common-law indemnity, governed by a six-year statute of limitations (*see State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88 [1984]; *McDermott v City of New York*, 50 NY2d 211, 217 [1980]). Their dispute focuses on when the cause of action for indemnification accrues and when the limitations period begins to run where, as here, the Fund made payments over an extended period of years (i.e., from 1986 to 1996), some of which expenditures occurred more than six years before plaintiff commenced this action.

In *State of New York v Stewart's Ice Cream Co.* (*supra* at 88), the Court of Appeals determined that although the State's action for recoupment of cleanup costs arises out of the discharger's and the Fund's Navigation Law liability, it is an action for common-law indemnification governed by the six-year limitations period (*see* CPLR 213 [2]), rather than the three-year limitations period applied by the trial and appellate courts. Addressing when the indemnification action accrues, the Court adhered to the "traditional view that an action for indemnity accrues when any 'loss is suffered' by the party seeking indemnity" (*State of New York v Stewart's Ice Cream Co., supra* at 88, quoting *McDermott v City of New York, supra* at 217). As that action was commenced in 1982—within six years of all of the Fund's 1979 and later expenditures for the cleanup—the State's action was timely as to all of its expenditures, regard-

less of when the limitations period began to run. While noting the flexibility available in determining the time of an action's accrual where, as here, no statutory directive exists, the Court declined in *Stewart's Ice Cream Co.* to formulate a "variant accrual date" for Navigation Law-related indemnity actions; indeed, doing so was unnecessary since all of the Fund's expenditures were made within six years of the State's commencement of the action.

In *State of New York v Ackley* (289 AD2d 812, 813 [2001], *lv dismissed* 99 NY2d 611 [2003]), this Court was presented with a situation in which the State commenced an indemnification action in 1994 for Fund payments made between 1986 and 1999. Applying the rationale in *State of New York v Stewart's Ice Cream Co. (supra)*, this Court ruled—with regard to the accrual of the limitations period—that "the statutory period from which this claim shall be deemed to commence is from the time that *a payment* was made from the Fund for cleanup and removal costs" (*State of New York v Ackley, supra* at 813-814 [emphasis added]). Consequently, we held that only those payments made from the Fund within six years of the State's commencement of the indemnification action were recoverable. *State of New York v Ackley (supra)* thereby corrected our prior decision in this action (273 AD2d 681, 681-682 [2000], *supra*), wherein this Court misapplied language quoted from *State of New York v Stewart's Ice Cream Co. (supra* at 88) in holding that, as long as the action was timely commenced as to the last payment by the State for cleanup costs, it is timely as to all payments, even if made more than six years before the State commenced the action.

Thus, *State of New York v Ackley (supra)* clearly ruled that plaintiff's cause of action for indemnification accrues—and the six-year limitations period commences—each time the Fund makes a payment for cleanup and removal costs. Contrary to plaintiff's claims here, the limitations period does not commence/accrue only upon the Fund's *final* payment of such costs and, likewise, contrary to Speonk's claims, it did not commence/accrue as to all payments upon the Fund's *first* payment of costs. As such, Supreme Court correctly determined that plaintiff is barred from recouping any payments made by the Fund prior to September 26, 1990, i.e., more than six years before plaintiff's September 26, 1996 commencement of this action. While cognizant that this Court's misapplication of *Stewart's Ice Cream Co.* on the accrual issue in our prior decision in this action (273 AD2d 681, 681-682 [2000], *supra*)

represents the law of the case, as a matter of discretion, we concur in Supreme Court's recognition that *State of New York v Ackley (supra)* is supervening authority which correctly states the law and should be followed in this case (*see People v Evans*, 94 NY2d 499, 502-504 [2000]; *Ulster Home Care v Vacco*, 296 AD2d 671, 673 [2002]; *cf. Miller v Schreyer*, 257 AD2d 358, 360-361 [1999]).

■ Next, Supreme Court also correctly ruled that Speonk was not entitled to a hearing on the reasonableness of plaintiff's cleanup expenditures (*see State of New York v Delaria*, 267 AD2d 753, 753 [1999]; *see also State of New York v City of Yonkers*, 293 AD2d 739 [2002]). As a discharger, Speonk is strictly liable to plaintiff for "all cleanup and removal costs and all direct and indirect damages" (Navigation Law § 181 [1]; *see* Navigation Law § 187). The provision in Navigation Law § 185, as enacted in 1991—permitting a discharger to request a hearing to contest the "validity or amount of damage claims or claims for cleanup and removal costs"—is expressly limited to claims "presented by *injured persons* to the [F]und for payment" (Navigation Law § 185 [1] [emphasis added]; *see* Navigation Law § 180 [2]; § 182; *see also State of New York v Shell Oil Co.*, 86 AD2d 738, 739 [1982]), or the injured person's contest to a proposed settlement (*see* Navigation Law §§ 183, 172 [3], [14]). Section 185 (1) is inapplicable here, where *the Fund* seeks reimbursement from the discharger for cleanup costs.

Indeed, "the State has a primary duty to respond promptly [to discharges], evaluate the environmental impact of a spill, and to engage an agent or contractor or to itself undertake a cleanup effort" (*State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 87 [1984], *supra*; *see* Navigation Law § 176), and while the Fund is strictly liable for all cleanup and removal costs and all direct/indirect damages (*see* Navigation Law § 180 [5]; § 181 [2]), "the discharger bears ultimate responsibility for the costs incurred" (*State of New York v Stewart's Ice Cream Co., supra* at 87-88; *see* Navigation Law § 181 [1]). The Fund may recoup its expenditures in a common-law action for indemnification, as here (*see State of New York v Stewart's Ice Cream Co., supra*), in which case the discharger is not permitted to challenge the reasonableness of the costs incurred by the Fund. To the extent our previous decisions suggest that such a hearing might be required where the State seeks indemnification on behalf of the Fund, they are either based upon the materially different pre-1991 provisions of Navigation Law § 185 (*see State of New York v Ladd's Gas Sta.*, 198 AD2d 654,

655 [1993]; *State of New York v Wisser Co.*, 170 AD2d 918, 920 [1991]; *State of New York v Gorman Bros.*, 166 AD2d 859, 860-861 [1990]; *State of New York v Shell Oil Co., supra* at 739) or inadvertently relied on such decisions rather than the present wording of Navigation Law § 185 as enacted in 1991 (*see State of New York v Ackley*, 289 AD2d 812, 815 [2001], *supra*).

CARPINELLO, ROSE, LAHTINEN and KANE, JJ., concur.

Ordered that the order is affirmed, without costs.