■ Andre Doyle, Plaintiff, v Paul Siddo, Defendant, and Roland Tibert, Defendant and Third-Party Plaintiff-Appellant. Chicago Title Insurance Company, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [865 NYS2d 126]—

In an action, inter alia, to impose a constructive trust upon certain real property, the defendant third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 27, 2007, as granted that branch of the motion of the third-party defendant Chicago Title Insurance Company which was for summary judgment dismissing the third-party complaint insofar as asserted against it and denied that branch of his cross motion which was for summary judgment on the third-party complaint insofar as asserted against Chicago Title Insurance Company.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the appellant, Roland Tibert, the policy of title insurance at issue in this case clearly and unambiguously excepted from coverage all liability he incurred by reason of the rights of persons in possession of the subject premises (see generally Herbil Holding Co. v Commonwealth Land Tit. Ins. Co., 183 AD2d 219, 224 [1992]). Since the claim submitted by Tibert fell squarely within this exception from coverage, the Supreme Court properly granted that branch of the motion of the respondent, Chicago Title Insurance Company (hereinafter Chicago Title), which was for summary judgment dismissing the third-party complaint insofar as asserted against it and denied that branch of Tibert's cross motion which was for summary judgment on the third-party complaint insofar as asserted against Chicago Title. In this regard, Tibert's contention that Chicago Title failed to promptly disclaim coverage, which is premised on case law discussing the prompt disclaimer requirement of Insurance Law § 3420 (d), is without merit. The requirements of Insurance Law § 3420 (d) are expressly limited to claims for bodily injury or death arising out of accidents (see e.g. Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185 [2000]; American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau, 265 AD2d 49 [2000]) and have no application to other claims such as the title dispute in this case (see e.g. Merchants Mut. Ins. Co. v Allcity Ins. Co., 245 AD2d 590, 592 [1997]; Interested Underwriters at Lloyd's v H.D.I. III Assoc., 213 AD2d 246, 247 [1995]).

Tibert's remaining contentions either are without merit or need not be reached in view of our decision. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.