■ ALLAN V. ROSE, Respondent, v GRUMMAN AEROSPACE CORPORATION et al., Appellants. [602 NYS2d 34] —In an action to

recover damages predicated upon nuisance and Navigation Law article 12, the defendants appeal from an order of the Supreme Court, Nassau County (Saladino, J.), dated May 13, 1991, which denied their motion to dismiss the complaint.

Ordered that the order is reversed, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff purchased the subject parcel of real property from the defendants in August 1981. As a result of a test performed by the plaintiff in September 1987 it was discovered that a fuel oil storage tank on the property had leaked No. 6 fuel oil into the subsoil. By summons and complaint dated March 1, 1990, the plaintiff commenced this action to recover damages based upon, among other things, nuisance, and violation of Navigation Law article 12, which imposes strict liability for the improper discharge of petroleum.

Because the injury complained of was to the same property as that on which the nuisance was alleged to exist, the plaintiff's nuisance cause of action should have been dismissed (see, 81 NY Jur 2d, Nuisances, §§ 3, 23). We further hold that as a matter of law, had the plaintiff exercised reasonable diligence, he would have discovered the leakage in question long before September 1987, over six years after his purchase of the property. Therefore, the cause of action based upon Navigation Law article 12 was not timely commenced within the meaning of CPLR 214-c (2), and should likewise have been dismissed. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.