■ UMBRA U.S.A., INC., Appellant, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent. [649 NYS2d 275] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's application for leave to serve a late notice of claim. The record shows that,

before purchasing the subject property in 1991, plaintiff arranged for an environmental investigation of the property. That investigation disclosed that the property had previously been used as a bus maintenance and fueling facility, that leaking fuel storage tanks on the property had been replaced in 1977 and 1985, and that open containers holding petroleum products were on the property. Plaintiff's environmental consultant recommended that the property be tested to determine the nature and extent of any contamination. After plaintiff purchased the property, continuing evidence of contamination was found by its environmental consultant and the New York State Department of Environmental Conservation. It was not until September 1995, however, that plaintiff filed a notice of claim against defendant. Because plaintiff seeks to recover for injury to property arising from the latent effects of the exposure of the property to any substance or combination of substances, it had 90 days in which to serve a notice of claim and one year within which to seek leave for late service, measured from the date of discovery of the injury or the date when, through the exercise of reasonable diligence, the injury should have been discovered (*see*, Public Authorities Law § 1299-p [2]; CPLR 214-c [3]). Because plaintiff failed to do so, its application for leave to serve a late notice of claim was properly denied (*see*, General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950, 955; *see generally, Rose v Grumman Aerospace Corp.*, 196 AD2d 861, 862). (Appeal from Order and Judgment of Supreme Court, Erie County, Notaro, J.—Late Notice of Claim.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.