■ HEINZ GROSSJAHANN, Respondent, v GEO. B. WILKINS & SONS, INC., Also Known as GEORGE B. WILKINS & SONS, INC. et al., Appellants, et al., Defendants. [666 NYS2d 271] —Mercure, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered July 23, 1996 in Columbia County, which denied certain defendants' motion for, *inter alia*, summary judgment dismissing the complaint against them, and (2) from an order

of said court, entered November 13, 1996 in Columbia County, which granted plaintiff's motion for leave to amend the complaint.

On September 18, 1986, plaintiff purchased real property in the Village of Kinderhook, Columbia County, from defendant Geo. B. Wilkins & Sons, Inc. (hereinafter GBW) and in that connection gave GBW a $72,000 purchase money note and mortgage. When he purchased the property, plaintiff was aware that it had been previously used as a petroleum distribution center and gasoline station; one year later he removed three or four empty underground storage tanks. In January 1993, a site investigation was conducted in connection with plaintiff's proposed sale of the property and a report of a geological and environmental consultant revealed that the groundwater under the property was contaminated by gasoline and petroleum products. The Department of Environmental Conservation (hereinafter DEC) required plaintiff as record owner of the property to further investigate and remediate the contamination, causing plaintiff to incur substantial expense.

In May 1994, plaintiff commenced this action against GBW and defendants Janet G. Wilkins and Joanne W. Phillips, as coexecutors of the estate of GBW's principal, James H. Wilkins, deceased (hereinafter the decedent). The complaint asserts Navigation Law and negligence claims and also seeks an equitable determination that the outstanding balance of the purchase money note and mortgage should be deemed satisfied by plaintiff's payment of remediation costs. GBW, Wilkins and Phillips (hereinafter collectively referred to as defendants) counterclaimed to recover money allegedly owed on the note and mortgage. In December 1995, plaintiff moved to amend the complaint to assert additional causes of action sounding in contribution, indemnity and declaratory relief. At the same time, defendants moved for summary judgment dismissing the complaint as time barred and for judgment on their counterclaim. By separate orders, Supreme Court granted plaintiff's motion and denied defendants' motion. Defendants appeal each of Supreme Court's orders, and the appeals have been consolidated for our consideration.

We affirm. We agree with Supreme Court that the evidence submitted in opposition to defendants' summary judgment motion raised a legitimate question of fact concerning whether plaintiff commenced this action within three years "from the date when through the exercise of reasonable diligence such injury should have been discovered by plaintiff" (CPLR 214-c [2]). Notably, plaintiff submitted his own affidavit wherein he

stated that the decedent advised him when he purchased the property that the underground storage tanks were empty and had not been used for 15 years. In addition, plaintiff stated that he was unaware of any contamination on the site or of any prior spills or discharges from the underground storage tanks or any other nearby source and that, upon walking the property, he never detected or noticed any petroleum or gasoline or any other signs of potential contamination. Although self-serving, these averments were probative (*see, Strand v Neglia*, 232 AD2d 907, 908, *lv dismissed* 89 NY2d 1086).

Plaintiff further averred that a DEC representative examined the excavation at the time the empty underground storage tanks were removed and stated that there were no signs or evidence of contamination and that the excavated area could be backfilled without any need for further investigation of the soils or groundwater. Contrary to defendants' assertion, evidence of that out-of-court statement, submitted not to establish the truth of the statement but to indicate circumstantially what plaintiff believed at the time, is not hearsay (*see, Matter of Bergstein v Board of Educ.*, 34 NY2d 318, 324; Prince, Richardson on Evidence § 8-106, at 502-503 [Farrell 11th ed]). Moreover, plaintiff's affidavit was supplemented and substantiated by third-party affidavits and test reports supporting the contention that no odor or soil discoloration or other apparent evidence of contamination could be found on the site except upon digging to substantial depths. Under the circumstances, we conclude that a jury could reasonably find in favor of plaintiff on the question of whether, through the exercise of reasonable diligence, he should have discovered the contamination more than three years prior to the time of commencement of the action (*compare, Rose v Grumman Aerospace Corp.*, 196 AD2d 861).

Finally, we agree with plaintiff that so much of the amended complaint as seeks reimbursement for sums actually expended in connection with the State-mandated remediation effort is governed by a six-year Statute of Limitations (*see, State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88; *145 Kisco Ave. Corp. v Dufner Enters.*, 198 AD2d 482, 483). The decision of this Court in *Town of Guilderland v Texaco Ref. & Mktg.* (159 AD2d 829) is inapposite because it did not involve an action in the nature of common-law indemnity. Rather, in that case, the plaintiff sought to recover for damage to its property resulting from a gasoline leak, which would be governed by the three-year limitations period of CPLR 214 (4).

Defendants' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.