■ OLIVER CHEVROLET, INC., Respondent, v MOBIL OIL CORPORATION, Appellant. [671 NYS2d 850] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conner, J.), entered August 4, 1997 in Columbia County, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing the complaint.

At issue are claims for property damage and remediation costs arising from leaking underground storage tanks located on plaintiff's property. The tanks, which held gasoline supplied by defendant for use in connection with plaintiff's automobile dealership, evidently leaked on two occasions, in 1973 and 1984. Each of these occurrences resulted in removal and replacement of one or both tanks by defendant. Although the site was visited by a representative of the Department of Environmental Conservation (hereinafter DEC) after the 1984 incident, no remediation efforts were undertaken at that time.

In 1992, after plaintiff's employees apparently detected gasoline in the well water and an anonymous report was made to the Columbia County Department of Health, DEC again became involved. A tank test was performed, but no new leak was discovered; nevertheless, groundwater monitoring revealed a level of contamination necessitating remediation. When plaintiff could no longer bear the escalating cleanup costs, DEC took over the process, indicating its intent to seek reimbursement from plaintiff for the expense thereof.

In 1994, plaintiff commenced this action in which it seeks compensation for the damage to its property and business brought about by the contamination, as well as reimbursement of the amounts it has paid and anticipates being charged in connection with the required remediation. Approximately two months before the scheduled trial date, plaintiff sought leave to amend its complaint to add three causes of action and increase the ad damnum clause from $200,000 to $950,000; in response, defendant opposed plaintiff's motion and cross-moved for summary judgment on Statute of Limitations grounds.

Supreme Court granted plaintiff's motion and denied the cross motion. Defendant appeals.

Plaintiff's complaint (as amended), insofar as it is premised upon allegations that the contamination decreased the value or profitability of plaintiff's property and business, is untimely. An action to recover for property damage "caused by the latent effects of exposure to any substance" must be brought no later than three years "from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c [2]; see, Jensen v General Elec. Co., 82 NY2d 77, 81). Here, the deposition testimony of plaintiff's principals, Kenneth Oliver and Russell Oliver, establishes incontrovertibly that they were aware, first in 1973 and again in 1984, that gasoline had been discharged from the tanks onto their property. Their inventory reconciliation process revealed that gasoline was missing from one or both tanks on each occasion; indeed, that was what prompted their calls to defendant and the eventual removal of the damaged tanks. In addition, the Olivers had directly observed physical evidence of each leak, in the form of holes in the tank, gasoline in the soil or other palpable indicia that the surrounding property had been contaminated. To counter this clear showing, plaintiff contends, essentially, that despite the Olivers' knowledge that leaks had occurred, they cannot be said to have discovered the injury to their property until the water contamination became apparent in 1992.

We are unconvinced, for even if plaintiff was not actually cognizant of the precise nature or extent of the damage when the spills were initially detected, it was unquestionably aware that some amount of leakage had occurred, and thus that there had been "a wrongful invasion of * * * [its] property rights" (Schmidt v Merchants Despatch Transp. Co., 270 NY 287, 300; see, First Bible Baptist Church v Gates-Chili Cent. School Dist., 172 AD2d 1057; cf., Mancuso v Consolidated Edison Co., 905 F Supp 1251, 1257-1258). And, significantly, there is no support in the record for plaintiff's representations that the Olivers' failure to investigate further was the result of their reliance upon the actions and statements of a DEC representative (see, Grossjahann v Wilkins & Sons, 244 AD2d 808, 809-810; Bimbo v Chromalloy Am. Corp., 226 AD2d 812, 815). Under these circumstances, even were we to embrace plaintiff's contention that the Olivers' observations were insufficient to constitute actual knowledge of the injury, at the very least they should have placed a reasonable person on notice of the need to

undertake further investigation to ascertain the scope of the contamination (*see, Rose v Grumman Aerospace Corp.*, 196 AD2d 861, 862; *compare, Grossjahann v Wilkins & Sons, supra*, at 809-810). Accordingly, plaintiff's property damage claims, whether couched in terms of negligence, nuisance, or injury to business, are time barred. Parenthetically, we note that plaintiff has not suggested that the contamination of its water supply should be considered a separate and distinct injury from the over-all taint upon its land, such that the "two-injury" rule (*see, State of New York v Fermenta ASC Corp.*, 238 AD2d 400, 401-402, *lv denied* 90 NY2d 810; *see also, Humphreys v Humphreys*, 949 F Supp 1014, 1020) might be applicable.

We reach a different result, however, with respect to plaintiff's request for reimbursement of the amount it has expended for remediation, for that aspect of the complaint, as amended, is properly characterized not as a claim for property damage but as one for indemnification (*see, State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 87-88). Because indemnification claims arise from an implied contract between the party that has discharged an obligation (here, plaintiff), and one who, as the true wrongdoer, has the primary duty to do so, they are governed by a six-year limitations period, measured from the time plaintiff suffered a loss by paying the debt for which it alleges defendant should be held responsible (*see, id.*, at 88-89; *Grossjahann v Wilkins & Sons, supra*, at 810). Hence, these claims, whether premised upon allegations that defendant was the negligent party or based solely on charges that it, rather than plaintiff, was the actual discharger, remain viable.

We agree with Supreme Court that the allegations underlying the newly asserted third cause of action, when liberally construed, are sufficient to state a claim pursuant to Navigation Law § 181 (5)—despite plaintiff's failure to specifically cite that statute—for recovery of the costs incurred for remediation. Defendant is correct, however, in its contentions that plaintiff has not, in its second cause of action, made out a claim for public nuisance, and that no recovery may be had for a private nuisance by the owner of the property from which the nuisance emanates (*see, Rose v Grumman Aerospace Corp.*, *supra*, at 862). Lastly, the fourth cause of action, which outlines the various ways in which plaintiff's business concerns have suffered due to the contamination of its property, is time barred for the reasons already stated. Therefore, plaintiff's motion should have been granted only to the extent of allowing the interposition of the proposed third cause of action, and an

increase in the ad damnum clause from $200,000 to $450,000, representing the amount plaintiff maintains it has spent and will spend for remediation.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's request for leave to add causes of action sounding in nuisance and injury to business, and to increase the ad damnum clause to $950,000, and denied defendant's motion for summary judgment with regard to those portions of plaintiff's amended complaint that seek recovery for injury to its property and business; plaintiff's motion is denied except insofar as it sought to add a cause of action for strict liability, and to increase the ad damnum clause to $450,000; defendant's motion is granted to the extent that the claims for property damage and injury to business are dismissed; and, as so modified, affirmed.