■ MARK KOZEMKO et al., Respondents, v GRIFFITH OIL COMPANY, INC., et al., Appellants. [682 NYS2d 503] —Order unanimously reversed on the law without costs, motion and cross motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Griffith Oil Company, Inc. (Griffith) and the cross motion of defendants Charles H. Brown and Grace B. Brown (the

Browns), to dismiss the complaint seeking damages under article 12 of the Navigation Law as a result of a discharge of petroleum into the ground at the gas station they purchased from the Browns in October 1991.

In their complaint, plaintiffs premise liability against Griffith on its conduct in delivering petroleum to allegedly leaky tanks at the gas station between 1986 and 1991 and against the Browns, their predecessors in title, based upon their conduct in discharging petroleum products from allegedly leaky underground storage tanks during their ownership of the gas station. In support of their motions to dismiss, defendants submitted documentary evidence (tank tightness tests) that established that the underground storage tanks were not leaking at the time of transfer of title to plaintiffs in 1991. In opposition to the motions, plaintiff Mark Kozemko submitted an affidavit merely asserting his "belief" that Griffith and the Browns knew about the leaks in the tanks when plaintiffs purchased the gas station. The documentary evidence established that the underground tanks were not leaking prior to transfer of title to the gas station in 1991, and thus plaintiffs failed to state a cause of action against defendants under the Navigation Law.

In any event, plaintiffs' causes of action are time-barred. The applicable Statute of Limitations for an action to recover damages for injury to property caused by petroleum contamination is three years, computed from the date of discovery of the injury or from the date when, through the exercise of reasonable diligence, such injury should have been discovered (*see,* CPLR 214-c [2]; *Jensen v General Elec. Co.,* 82 NY2d 77). Here, however, the retail dealer agreement between plaintiffs and Griffith provides that any claim arising under the agreement or otherwise "shall be waived and barred unless asserted by the commencement of an action within twelve months after the event, action or inaction to which such claim relates". A reasonable contractual shortening of the period of limitations is statutorily authorized (*see,* CPLR 201) and, absent a showing of fraud, duress or misrepresentation, will be upheld (*see, Diana Jewelers v A.D.T. Co.,* 167 AD2d 965, 966). We conclude that the contractual period of limitations was not unreasonable and that plaintiffs have failed to demonstrate any fraud, duress or misrepresentation regarding the agreement to shorten the period of limitations. Plaintiffs commenced this action in April 1997 alleging that Griffith delivered petroleum to leaky underground tanks between 1986 and 1991. The action is time-barred as against Griffith under both the 12-month contractual

period of limitations and the three-year Statute of Limitations in CPLR 214-c (2). The action against the Browns, commenced over five years after they owned and operated the gas station, is also time-barred. The applicable Statute of Limitations (CPLR 214-c [2]) would have run from the date of discovery of the injury or the date when through the exercise of reasonable diligence such injury should have been discovered. Such date would have been either September 1991, when a DEC spill report indicated that the tanks did not pass an initial tank tightness test, or February 1992, when plaintiffs detected water in the tanks. Either event should have placed plaintiffs on notice of possible leaks, and thus plaintiffs' action against the Browns, commenced in April 1997, was untimely. (Appeals from Order of Supreme Court, Yates County, Falvey, J.—Dismiss Pleading.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.