GHANSHYAM K. PATEL et al., Appellants, v EXXON CORPORATION, as Successor in Interest to ESSO STANDARD OIL COMPANY, HUMBLE OIL AND REFINING COMPANY and HUMBLE COMPANIES CHARITABLE TRUST, Respondent, et al., Defendants. (Appeal No. 1.) [727 NYS2d 368] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.

GHANSHYAM K. PATEL et al., Appellants, v EXXON CORPORATION, as Successor in Interest to ESSO STANDARD OIL

COMPANY, HUMBLE OIL AND REFINING COMPANY and HUMBLE COMPANIES CHARITABLE TRUST, Respondent, et al., Defendants. (Appeal No. 2.) [726 NYS2d 527] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action alleging that petroleum had leaked from underground storage tanks on their property and seeking remediation and non-remediation damages based on the petroleum contamination. Supreme Court properly granted that part of the cross motion of Exxon Corporation (defendant) for summary judgment dismissing as time-barred those causes of action seeking non-remediation damages. Plaintiffs purchased the subject property in 1988 and discovered the petroleum contamination in 1996 when a prospective lessee conducted an environmental inspection. "The applicable Statute of Limitations for an action to recover damages for injury to property caused by petroleum contamination is three years, computed from the date of discovery of the injury or from the date when, through the exercise of reasonable diligence, such injury should have been discovered" (*Kozemko v Griffith Oil Co.*, 256 AD2d 1199, 1200). While there is no evidence in the record concerning when the contamination occurred, the record establishes that defendant and its successors in interest operated a gasoline station on the property from 1956 through 1969. When plaintiffs purchased the property in 1988, there were two concrete pump islands areas and two fill pipes on the property, thus indicating that a gasoline station previously had been located there. We conclude, therefore, that plaintiffs should have discovered the petroleum contamination when they purchased the property, and their failure to do so constitutes a lack of reasonable diligence (*see, Rose v Grumman Aerospace Corp.*, 196 AD2d 861, 862). The court properly denied that part of defendant's cross motion seeking to dismiss as time-barred the indemnification cause of action for recovery of remediation costs. That cause of action is governed by the six-year Statute of Limitations that will not commence until the cleanup costs are incurred (*see, State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 87-88). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Reargument.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.