■ RICHARD AIKEN et al., Respondents, v GENERAL ELECTRIC COMPANY, Appellant. [869 NYS2d 263]—

Kavanagh, J.

In 1983, groundwater beneath defendant's industrial facility located in the Village of Fort Edward, Washington County was found to be contaminated with the chemical trichloroethane (hereinafter TCE) and other chemical compounds, and this groundwater had migrated onto property in nearby residential areas. Claiming that their drinking water wells had been contaminated by this groundwater, homeowners commenced an action against defendant for damages to their property.[1] that action was subsequently settled and the terms of that settlement were sealed by stipulation.

In 2005, tests performed by defendant at the request of the Department of Environmental Conservation (hereinafter DEC) established that soil vapor from the contaminated groundwater had permeated the air and soil of some of the residences located near the site. Plaintiffs thereafter commenced this action in July 2006 claiming that their properties were damaged as a result of soil vapor contamination. Defendant moved for summary judgment dismissing the complaint, alleging that this action is time-barred because it should have been commenced within three years of the detection of the groundwater contamination (see CPLR 214-c [2]). Supreme Court denied defendant's motion and defendant now appeals.[2]

Defendant has limited its appeal to that part of Supreme Court's order denying its motion for summary judgment as to those claims made by plaintiffs whose homes have since been tested by defendant and, according to defendant, have been found to be free of soil vapor contamination.[3] Significantly, prior to defendant moving for summary judgment, the parties entered into a stipulation which, in part, provided that discovery, at this point in the action, would be limited solely to "resolving the merits of the statute of limitations defense." In that regard, we note that defendant's motion for summary judgment, and the fact that its focus was on the ultimate question to be decided by this litigation, appears to be at odds with the spirit, if not the terms, of this stipulation. In any event, the issue raised by this motion is not, as defendant contends, whether plaintiffs have

1. Plaintiffs in the instant action used municipal water and were not involved in that litigation.

2. Plaintiffs have not filed a notice of appeal from Supreme Court's order denying their motion to dismiss defendant's statute of limitations defense.

3. Defendant claims that its tests reveal that 16 of the 59 plaintiffs have no evidence of chemical contamination in the air or soil on their properties.

suffered an injury; instead, it is when plaintiffs should have reasonably been aware of the presence of soil vapor contamination and the threat it presented to their properties. For the reasons that follow, we conclude that at this stage of this action, a question of fact exists on this issue and defendant's motion for summary judgment was properly denied.

In essence, defendant argues that if the results of its recent tests are accurate, and if plaintiffs' properties have not been damaged by soil vapor contamination, the only damages they can claim must have been caused when the groundwater contamination beneath defendant's industrial site was first detected. There is no dispute that the existence of that contamination was a matter of public record and the source of considerable public concern in the Fort Edward community for more than 20 years. Defendant contends, and plaintiffs acknowledge, that they were clearly on notice as to the threat such groundwater contamination presented to them and their properties. However, plaintiffs contend that it was only recently that they were informed that soil vapor contamination, as opposed to groundwater contamination, posed a threat to their properties and, as a result, the time to commence such an action should only begin to run when warnings about such a threat were disseminated throughout their community.

A three-year statute of limitations exists for actions brought to recover damages caused by a latent injury to a person or property as the result of exposure to harmful substances, and that period begins to run on the date that the injuries are discovered or the date that they should have been discovered by a reasonably diligent party, whichever is earlier (see CPLR 214-c [2]; *Jensen v General Elec. Co.*, 82 NY2d 77, 83 [1993]; *Atkins v Exxon Mobil Corp.*, 9 AD3d 758, 760 [2004]). In determining when the statute of limitations begins to run, the relevant question is "when, based upon an objective level of awareness of the dangers and consequences of the particular substance, 'the injured party discovers the primary condition on which the claim is based' " (*MRI Broadway Rental v United States Min. Prods. Co.*, 92 NY2d 421, 429 [1998], quoting *Matter of New York County DES Litig.*, 89 NY2d 506, 509 [1997]).

Here, in the two decades that have passed since groundwater contamination was first detected in this area, residents of this community, including plaintiffs, were repeatedly assured by defendant, as well as DEC, that there was no immediate health problem from contaminated groundwater and that there was no risk to residents of the village from exposure to contaminates in the soil or in the air in homes located above the contaminated

groundwater plume. Only in 2004, after tests of the air in nearby homes had been conducted by defendant at DEC's request, was it publicly announced that soil vapor contamination emanating from the groundwater beneath defendant's industrial site was a potential problem for residents, especially those located in the vicinity of the contaminated water plume.[4] Given the belated timing of this disclosure, there is, at the very minimum, a question of fact as to when plaintiffs should have suspected, let alone discovered, that their properties had been damaged by soil vapor intrusion (see *Atkins v Exxon Mobil*, 9 AD3d at 761; *Bimbo v Chromalloy Am. Corp.*, 226 AD2d 812, 815-816 [1996]).

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

4. Defendant sampled 57 of the 96 properties located in the area. Nine properties were found to have detectable levels of TCE in their indoor air, and 21 properties were found to have no chemical vapors either indoors or in the soil beneath the residences.