09-0979-cv
Snyman v. W.A. Baum Co., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of January, two thousand and ten.

Present: ROBERT D. SACK,
RICHARD C. WESLEY,
        *Circuit Judges*,
JOHN F. KEENAN,
        *District Judge.*[*]

_____

CARL D. SNYMAN,
        *Plaintiff-Appellant*,

CINDY DE VILLIERS,
        *Plaintiff*,

        - v. -                                    (09-0979-cv)

W.A. BAUM CO., INC.,
        *Defendant-Appellee*.

_____

---

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellant:     KENNETH F. MCCALLION, McCallion & Associates LLP, New York, New York.

Appearing for Appellee:      RICHARD BAKALOR and JANET J. LEE, Quirk and Bakalor, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiff, Carl Snyman, appeals from a Memorandum Opinion and Order of the district court entered on December 22, 2008, dismissing his claims and entering judgment for Defendant, and from a Memorandum Opinion and Order of the district court entered on February 6, 2009, denying his motion to vacate the court's Order of December 22, 2008 and to reopen the case.

We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal before this Court. For purposes of clarity, we provide only a limited discussion of the procedural posture of this matter.

Plaintiff commenced this action against Defendant, W.A. Baum Co., in April of 2004. Defendant is a New York corporation that manufactures medical supplies. Plaintiff is a medical professional, licensed in New Zealand. This Court's jurisdiction is based upon diversity of citizenship between the parties. 28 U.S.C. § 1332.

In 1996, Plaintiff purchased a second-hand Baumanometer, a device that measures blood pressure, manufactured by Defendant in the United States. In 1999, the mercury in the Baumanometer was released from its housing and spilled onto the floor of Plaintiff's medical office. Plaintiff asserts multiple claims arising from injuries allegedly suffered from mercury poisoning as a result of exposure when the mercury spilled out of the Baumanometer.

Snyman's complaint raised claims for breach of warranty, strict products liability and negligence. Following discovery, Defendant moved for summary judgment on several grounds. The district court granted Defendant's motion for summary judgment with regard to Plaintiff's breach of warranty claim, finding it "untimely by any measure." *Snyman v. W.A. Baum Co.*, No. 04 Civ. 2709 (LTS)

3

(DFE), 2008 WL 4452139, at *4 (S.D.N.Y. Sept. 30, 2008). The district court also granted summary judgement to Defendant on Plaintiff's negligence and strict products liability claims as they related to his claim that he suffered mercury poisoning. *Id.* Plaintiff does not appeal from these determinations as they relate to his alleged underlying mercury poisoning.

In his papers submitted in opposition to Defendant's motion for summary judgment, Plaintiff argued for the first time that even if his alleged primary condition — mercury poisoning — was time barred, he suffered from an additional injury that was not discoverable until after April 8, 2001. *Id.* at *5. Plaintiff characterizes this additional injury as chemical cross-sensitivity, a syndrome that is more commonly known as multiple chemical sensitivity ("MCS").

Because Plaintiff's allegation that he was suffering from MCS was first raised in his opposition papers, the district court found that summary judgment was not warranted at that time.[1] Instead, on November 3, 2008, the court

---

[1] The district court allowed Plaintiff's MCS-related claims to proceed under "a common law doctrine that is commonly referred to as New York's 'two-injury rule.'" *Snyman*, 2008 WL 4452139, at *5. As characterized by the district court, the "'two injury' rule provides that manifestations of injuries in toxic tort cases that do not become apparent until many years of exposure may be actionable if they are 'separate and distinct' from an earlier

4

issued an Order to Show Cause why Plaintiff's MCS claims should not be dismissed as incapable of proper proof under the standards articulated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and in Federal Rule of Evidence 702. The court ordered that Plaintiff's memorandum of law and any supporting affidavits be served and filed no later than December 5, 2008.

Plaintiff failed to respond to the court's Order within the allotted time. Consequently, on December 22, 2008, the court dismissed Plaintiff's MCS-related claims. *Snyman v. W.A. Baum Co.*, No. 04 Civ. 2709 (LTS) (DFE), 2008 WL 5337075, at *1 (S.D.N.Y. Dec. 22, 2008). On January 7, 2009, Plaintiff moved the court, pursuant to Federal Rule of Civil Procedure 60(b), to vacate its order dismissing the case. *Snyman v. W.A. Baum Co.*, No. 04 Civ. 2709 (LTS) (DFE), 2009 WL 306505, at *1 (S.D.N.Y. Feb. 6, 2009). The

medical problem caused by the same problem, even if the statute of limitations on the previous injury has expired." *Id.* We note that while several New York State appellate division courts have mentioned such a rule, *see, e.g., DiStefano v. Nabisco, Inc.*, 282 A.D.2d 704, 705, 724 N.Y.S.2d 444, 445 (2d Dep't 2001); *Oliver Chevrolet, Inc., v. Mobil Oil Corp.*, 249 A.D.2d 793, 795, 671 N.Y.S.2d 850, 852 (3d Dep't 1998); *Fusaro v. Porter-Hayden Co.*, 145 Misc. 911, 927, 548 N.Y.S.2d 856, 860 (N.Y. Sup. Ct. 1989), *aff'd* 170 A.D.2d 239, 565 N.Y.S.2d 357 (1st Dep't 1991), and several federal courts have assumed its existence under New York law, *see, e.g., New Haven Terminal Corp. v. Lake*, 337 F.3d 261, 268 (2d Cir. 2003); *Braune v. Abbott Labs.*, 895 F. Supp. 530, 555-56 (E.D.N.Y. 1995), the New York Court of Appeals has never adopted a "two injury" rule. Unless, and until, the New York Court of Appeals definitively establishes the existence of a "two injury" rule in New York, the matter remains open.

5

court denied Plaintiff's motion, stating that "[a]n attorney's negligence . . . does not provide ground for relief under Rule 60(b)(1)." *Id.* (internal quotation marks omitted). And, the court continued, "the attorney of record bears sole responsibility to prosecute his client's claim, keep track of deadlines and respond to motions filed on the docket." *Id.* (internal quotation marks omitted).

This Court reviews a district court's ruling on a motion made pursuant to Rule 60(b) for abuse of discretion. *Transaero, Inc. v. La Fuerza Aera Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). It is well-established that "Federal Rule of Civil Procedure 60(b) decisions by district courts are accorded deference." *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 187 (2d Cir. 2006). Under the circumstances of this case, the district court did not abuse its discretion in declining to grant Plaintiff's Rule 60(b) motion.

The Order to Show Cause was sent to two different attorneys who, at the time, represented Plaintiff. As we have previously held, "where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d

6

Cir. 2004) (internal quotation marks omitted).  Further, the district court may properly consider the merits of the underlying action in determining whether to grant a motion pursuant to Rule 60(b).  *See Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983).  In this case, the relevant factors weigh in favor of finding that the district court's exercise of discretion was proper.  The record supports a finding that counsel for Plaintiff failed to act with diligence.

The district court went on to reach the question of whether Plaintiff had met his burden in demonstrating that the evidence proffered regarding his MCS-related claims satisfies the requirements of *Daubert* and Federal Rule of Evidence 702.  *Snyman*, 2009 WL 306505, at *2.  We decline to reach this issue and affirm on the ground that the district court properly exercised its discretion in denying Plaintiff's Rule 60(b) motion.  This holding is sufficient to decide the appeal.  Therefore, we refrain from reaching the broader issue of the scientific validity of a claim for MCS under *Daubert* and Federal Rule of Evidence 702.  *See, e.g., PDK Labs., Inc. v. United States Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, *J.*, concurring in part and concurring in judgment) (stating "the

7

cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further.").

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED.**

For the Court
Catherine O'Hagan Wolfe, Clerk

By: _____
